■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KINZER POINTER, JR., Appellant.— Determination of case further withheld, order of October 15, 1965 unanimously reversed and case remitted to Erie County Court for a hearing in accordance with memorandum. Memorandum: Upon the appeal from judgment of conviction, we withheld determination and remitted the case to Erie County Court for a hearing and determination of the question of voluntariness of defendant's statement in accordance with the procedures outlined in People v. Huntley (15 N Y 2d 72) (23 A D 2d 962). The case has now been returned to us for review of the order of Erie County Court which determined that defendant's statement was voluntarily made. Upon the hearing defense counsel at various times attempted to present testimony seeking to impeach certain of the People's witnesses who testified at the trial proper and also sought to prove that the homicide for which defendant was convicted was justifiable by reason of self-defense. The court properly refused to permit this on the ground that the sole issue was the "validity or voluntariness of the statement". People v. Huntley (supra), however, clearly requires the receipt of any relevant testimony bearing on the issue of voluntariness. The defense produced defendant's mother, who had not been a witness at the trial,

and she testified that she had attempted to see her son at a hospital to which he had been brought shortly after he was taken into custody, and that the police denied her permission to see him. The court refused to permit any testimony as to what she said to the police or what they said to her and specifically denied her the opportunity to answer this question: "Did there come a time while you were in the hospital that you sought to carry on a conversation with your son?" An effort to show that the mother wanted to secure an attorney was frustrated by the court's refusal to permit the mother to answer this question: "Did you ask the police if you could obtain a lawyer for your son?" None of this evidence sought to be introduced was before the court at the trial proper. The Court of Appeals ruled upon the admissibility of this kind of testimony in *People* v. *Hocking* (15 N Y 2d 973), where it wrote at pages 974, 975: "The fact that the police refused a request by the defendant's father to see and speak with the defendant during the period he was being questioned by the police at the station house, while not in and of itself sufficient reason or basis for excluding the defendant's confession, may, of course, upon the hearing which we are directing, be considered, along with all the other circumstances of the interrogation, in passing upon the voluntariness of the defendant's statements." The same court reaffirmed the *Hocking* principle in *People* v. *Taylor* (16 N Y 2d 1038, 1039) and stated that "In following that decision we are required to hold that, in the present case, defendant's confession was not made inadmissible solely because his family was refused access to him but that this fact would be germane on the issue of its voluntary nature." The court's rulings in connection with the mother's testimony were so unduly restrictive that a new hearing must be had. Although *Huntley* recommends that "where possible" the hearing be held before the Judge who presided at the trial proper, the special circumstances of this case require that the new hearing be held before a different Judge. (Review of order of Erie County Court, on appeal from judgment of Erie County Court convicting defendant of manslaughter first degree.) Present — Williams, P. J., Goldman, Henry and Del Vecchio, JJ.