[a]; § 70.00, subds 2, 3, 4; cf. *People v Donald Joseph P.,* 55 AD2d 661; *People v James M.,* 47 AD2d 907; distinguish *People v James S.,* 65 AD2d 823). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS W. JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 26, 1979, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and as a matter of discretion in the interest of justice, and new trial ordered. Defendant stands convicted of aiding and abetting David Gaska in the crime of robbery in the second degree. At the trial, Nancy Fevola, the girlfriend of David Gaska, testified for the prosecution. Fevola supplied the getaway car, and accompanied defendant and Gaska to the scene of the crime. She admitted that she overheard defendant and Gaska plan the robbery. Nonetheless, she waited in the car as Gaska and the defendant robbed the attendant of a Shell gas station, and, according to defendant, started up the car when defendant and Gaska were ready to make their getaway. Defense counsel asked the trial court to instruct the jury that Fevola was an accomplice, as a matter of law, whose testimony required corroboration, but the trial court refused to so charge, nor did it make any reference to Fevola's testimony in its instructions to the jury. The trial court should have submitted to the jury, as a question of fact, the issue of whether Fevola was an accomplice whose testimony required corroboration (see *People v Basch,* 36 NY2d 154; cf. *People v Ramos,* 68 AD2d 748). In addition, defendant must be accorded a new *Huntley* hearing on the question of whether his written confession was the product of oral admissions which he made to Officer John Weaver without *Miranda* warnings having been given (see *People v Tanner,* 30 NY2d 102). At the hearing on his motion to suppress the written statement, the court improperly precluded defendant from calling Officer Weaver as a witness (see *People v Misuis,* 47 NY2d 979). We have considered the other points raised by defendant and find them to be without merit. Hopkins, J. P., Rabin, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEOLA JAMES, Appellant.—Judgment of the Supreme Court, Queens County, rendered June 15, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Martuscello and O'Connor, JJ., concur.