■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. CAVAGNARO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 1, 1979, convicting him of murder in the second degree (four counts of felony murder), arson in the fourth degree, burglary in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial of defendant's motion to suppress certain statements. Case remitted to County Court for the holding of a *Huntley* hearing and the furnishing of a report to this court, and the appeal is held in abeyance in the interim. The County Court is to file its report with all convenient speed. The hearing shall be held before a Judge other than the one who presided at defendant's trial. Defendant's primary challenge on appeal is directed at the County Court's failure to grant his motion to suppress his statements as involuntarily made. He largely rests his argument on this court's holding in *People v Leonard* (59 AD2d 1). In our opinion *People v Leonard* is distinguishable, at least on the present record. However, because the County Court improperly curtailed certain critical testimony, we remand for a new *Huntley* hearing. At the suppression hearing defense counsel asked a series of questions which were designed to show that when Goutink, the polygraph operator, told defendant that he thought defendant was lying, Goutink was himself being less than truthful. Objections to these questions were sustained on the grounds that "the possible accuracy of the machine and the validity of the technician's conclusion and the basis for his conclusion" were not relevant areas of inquiry. This was error. These questions were relevant on the issue of voluntariness, in that deceptions, if any, concerning the results of the test may show an extraordinary police effort to induce a confession. Answers to these questions may support defendant's contention that his statements were the product of an overborne will (see *Culombe v Connecticut,* 367 US 568, 602; *People v Anderson,* 42 NY2d 35, 38). In our view, such deceptions in the administration of a polygraph exam would constitute a gross abuse of an otherwise valid investigative tool (cf. *People v Leonard,* 59 AD2d 1, 14-15, *supra*). The court committed further error when it prevented defendant's father from testifying as to the efforts made by defendant's mother to contact her son, aged 19, at the station house. Defendant's mother had passed away prior to the hearing. The court opined that the father's testimony on this issue constituted impermissible hearsay. However, hearsay testimony is admissible at a suppression hearing (CPL 710.60, subd 4). It has repeatedly been held that a confession should be suppressed when, prior to its extraction, a young suspect is kept beyond the reach of members of his family (see, e.g., *People v Bevilacqua,* 45 NY2d 508; *People v Townsend,* 33 NY2d 37; *People v Rivera,* 78 AD2d 556; *People v Evans,* 70 AD2d 886). The court should not have prevented probative testimony with respect to this issue. We note also that in its decision the County Court set forth no findings specifically addressed to defendant's claim that the police prevented him from speaking with his mother. After the new hearing, the court should set forth in detail its findings of fact, its conclusions of law and the reasons for its determination (see CPL 710.60, subd 6). For all the above reasons, a new hearing must be held; the special circumstances of this case require that the hearing be held before a different Judge (see *People v Jackson,* 77 AD2d 605; *People v Pointer,* 25 AD2d 601). Lazer, J. P.,, Mangano, Brown and Niehoff, JJ., concur.