■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. CAVAGNARO, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 1, 1979, convicting him of murder in the second degree (four counts of felony murder), arson in the fourth degree, burglary in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentences. The appeal brings up for review, *inter alia,* the denial of defendant's motion to suppress certain statements. By order dated June 7, 1982, this court remitted the matter to the County Court, Nassau County, for the holding of a *Huntley* hearing and the furnishing of a report to this court thereafter, and the appeal was held in abeyance in the interim (*People v Cavagnaro,* 88 AD2d 938). The County Court

(Baker, J.) has now complied. Judgment modified, on the law, by vacating the conviction under counts nine and ten of the indictment for felony murder premised on the underlying felony of burglary in the third degree and the sentences imposed thereon, and dismissing those counts. As so modified, judgment affirmed. The record fully supports the County Court's finding that defendant's rights under *Miranda v Arizona* (384 US 436) were not violated, that his statements were not otherwise involuntary (see *People v Anderson,* 42 NY2d 35; *People v Leonard,* 59 AD2d 1), and that the police did not intentionally deprive defendant of access to his family (see *People v Fuschino,* 59 NY2d 91, 100). Accordingly, we conclude that the denial of defendant's motion to suppress his statements should be upheld (*People v Armstead,* 98 AD2d 726). Counts nine and ten of the indictment, charging defendant with felony murder (Penal Law, § 125.25, subd 3) premised on the underlying felony of burglary in the third degree (Penal Law, § 140.20), must be dismissed. The burglary was consummated some time prior to the deaths of the two firemen. In the circumstances it cannot be said that those deaths were caused by defendant "in the course of and in furtherance of [the burglary] or of immediate flight therefrom" (Penal Law, § 125.25, subd 3; *People v Torres,* 99 Misc 2d 767, 770-773; see, also, *People v Gladman,* 41 NY2d 123; *People v Bornholdt,* 33 NY2d 75, 82). The remaining counts of felony murder, premised on the underlying charge of arson in the fourth degree (Penal Law, § 150.05), are not so infirm, and the record supports the convictions thereon (see *People v Lozano,* 107 Misc 2d 345; *People v Torres, supra,* pp 774-775). We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.