■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MONTGOMERY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered February 19, 1982, convicting him of murder in the second degree and criminal possession of a weapon in

the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements made to the police. ¶ Judgment affirmed. ¶ On May 8, 1981, shortly after 8:20 P.M., four teen-agers discovered the bodies of a male and female along South MacQueston Parkway in Mount Vernon. Each victim had been killed about 20 minutes earlier by a gunshot wound in the head. ¶ Ten days later homicide investigators interviewed one Eric Smith, later ascertained to be an accomplice, who claimed that he had driven defendant and another to South MacQueston Parkway to commit a robbery and that defendant had shot one of the victims. As a result of this information, a search warrant for defendant's residence was obtained. The warrant was executed on May 19, after which defendant was taken into custody, advised of his rights, and transported to the detective division of the Mount Vernon Police Department, arriving there about midnight. ¶ Defendant was awakened at 7:40 A.M. the next morning, given a cup of coffee, and again advised of his rights. He was also told that an eyewitness to the shooting had come forward. Defendant replied, "Look, you guys know I did it, but I ain't going to sign anything". "You admit it to us. Why not go down on paper?" asked a detective and defendant answered "Because I'm afraid of the guys behind this thing". Defendant then indicated that he did not wish to talk anymore and the conversation ceased. He was thereafter booked and brought by a detective to a holding cell and stated, "You'll see, I'll beat this after trial". ¶ Charged with the homicide of one of the victims, defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree. On appeal, he raises numerous claims of error. We affirm. ¶ Defendant's basic contention is that the trial court failed to charge the jury on the nature and use of his statements. More specifically, he argues that the jury was never instructed on the distinction between an admission and a confession and that, if his statements were found to be admissions, the jury would be required to apply circumstantial evidence principles in its analysis of the evidence. ¶ Although such instructions might well have been appropriate (cf. *People v Sanchez,* 61 NY2d 1022), none were requested and defense counsel took no exception to the charge as given. We are not inclined to exercise interest of justice review as defendant was not deprived of a fair trial (CPL 470.15, subd 6, par [a]). Because "the defendant's statements were thoroughly inculpatory * * * the court's asserted description of them * * * could not * * * have misled the jury or prejudiced the defendant" (*People v Kingston,* 8 NY2d 384, 387). Moreover, defendant's statements would appear to constitute a direct acknowledgment of guilt, and thus a confession (cf. *People v Rumble,* 45 NY2d 879), and the court's instructions on the approach to be followed with respect to analysis of a confession were complete, detailed and unassailable (cf. *People v Rumble, supra*). ¶ Defendant also complains that other errors occurred in the charge, receipt of evidence, and the prosecutor's summation. Again, however, there was no protest sufficient to preserve a question of law with respect to most of these claims (CPL 470.05, subd 2) and interest of justice review is not warranted (see, e.g., *People v Thompson,* 97 AD2d 554). ¶ While defendant urges, additionally, that he did not receive effective assistance of counsel as a result of counsel's failure to register objections, we have recently held that the Constitution does not require errorless counsel and that mere lapses in judgment are not to be equated with ineffectiveness (*People v Morris,* 100 AD2d 630). In any event, most of the objections would have been futile. Further, with respect to defendant's challenges to counsel's trial strategy, it is enough to note that appellate courts will not second guess an attorney's tactical approach to a case (see, e.g., *People v Baldi,* 54 NY2d 137; *People v Jackson,* 52 NY2d 1027, affg 74 AD2d 585). In short, defendant has not shown that his attorney's actions,

"blotted out a substantial defense" with resulting prejudice (*People v Morris, supra,* p 631; cf. *Strickland v Washington,* 466 US __, 52 USLW 4565). ¶ Finally, it cannot be said that the trial court improvidently exercised its discretion in denying defendant's *Sandoval (People v Sandoval,* 34 NY2d 371) motion in part (*People v Williams,* 56 NY2d 236), and, with respect to defendant's *pro se* submission on appeal, we note that the statutory procedures for pretrial hearings concerning the voluntariness of confessions, made "no change in the long-standing rule that any dispute as to whether the defendant made the statement is a factual matter for the jury" (*People v Washington,* 51 NY2d 214, 221). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.