■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered April 15, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The finding that defendant's statement was spontaneous and not the product of police interrogation is not erroneous and thus must be sustained on appeal (*People v Cavagnaro,* 99 AD2d 534; *People v Armstead,* 98 AD2d 726; see *People v Washington,* 51 NY2d 214, 221; *People v Montgomery,* 101 AD2d 893, 895; cf. *People v Ferro,* 63 NY2d 316). Nor do we perceive any basis for modification of the sentence in the interest of justice. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JOINER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered February 22, 1982, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, defendant contends, *inter alia,* that the alibi charge impermissibly shifted the burden of proof. Defense counsel did not object to the charge, and, accordingly, any error of law was not preserved for appellate review (CPL 470.05; *People v Cadorette,* 83 AD2d 908, affd 56 NY2d 1007; *People v Thomas,* 50 NY2d 467). Moreover, we have examined the charge and conclude that reversal is not warranted in the interest of justice.

We have examined defendant's remaining contentions and find them to be either without merit or not preserved for our review. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.