Appeals by defendant from two judgments of the Supreme Court, Kings County (Leone, J.), both rendered January 20, 1982, convicting him of attempted arson in the first degree (two counts), criminal possession of a weapon in the first degree (two counts), conspiracy in the second degree (two counts), reckless endangerment in the first degree (three counts), attempted arson in the third degree, criminal possession of a weapon in the third degree, conspiracy in the fourth degree (two counts) and possession of burglar’s tools, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of defendant’s motion to suppress certain statements made subsequent to his arrest.
Judgments affirmed.
The record of the hearing held on defendant’s motion to suppress contains no evidence that any agent of the police or District Attorney deliberately obstructed defendant in any attempt to contact members of his family during his prearraignment detention. Suppression of inculpatory statements made during such detention is therefore not warranted on that basis (People v Fuschino, 59 NY2d 91, 100; People v Cavagnaro, 99 AD2d 534). Nor is suppression warranted because, prior to a final recorded statement, an Assistant District Attorney advised defendant that if he could not afford one, an attorney would be provided at the time of his arraignment. Although such an admonition is arguably defective (cf. People v Hutchinson, 59 NY2d 923; but see, California v Prysock, 453 US 355; United *922 States v Contreras, 667 F2d 976), defendant was given unimpeached Miranda warnings on four prior occasions and was explicitly advised of his right to have an attorney present during questioning. Having been repeatedly and completely advised of his rights and having waived them, defendant was not even entitled to a further admonition prior to the recorded statement (People v Johnson, 49 AD2d 663, affd 40 NY2d 882; see also, People v Ridgeway, 101 AD2d 555, 562; People v Fisher, 97 AD2d 651, 652; People v Crosby, 91 AD2d 20, 29). Under these circumstances, it is clear that the defendant’s rights were fully conveyed to him as required by Miranda v Arizona (384 US 436) and that such rights were knowingly and intelligently waived (see, California v Prysock, supra; United States v Contreras, supra; People v Armstead, 98 AD2d 726).
Finally, any delay in arraignment would simply be a factor in determining voluntariness of the statements (People v Hopkins, 58 NY2d 1079,1081; People v Holland, 48 NY2d 861) and on the record before us we decline to overturn the factual findings made by the suppression court (People v Armstead, supra). The delay was not the result of a calculated police attempt to deprive the defendant of counsel (cf. People v Cooper, 101 AD2d 1, 9-10). Titone, J. P., O’Connor, Rubin and Lawrence, JJ., concur.