OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, the motion to suppress granted, and a new trial ordered.
On the present record, it cannot be said that the People carried their heavy burden of proving defendant’s statements voluntary beyond a reasonable doubt (see, e.g., People v Anderson, 42 NY2d 35, 38-39). Initially, the prosecution wholly failed to justify defendant’s lengthy prearraignment incarceration, which spanned a period of some 48 hours and encompassed portions of three different days. While the People now assert that no Judge was available for the arraignment, no finding to that effect was made by the suppression court. Actually, the court found only that there was no regular session of City Court scheduled. The People do not explain the failure to contact a local Judge at home or in chambers to conduct the arraignment. This unwarranted delay, although a suspect circumstance (cf. People v Blake, 35 NY2d 331, 340), is *863 but one factor to be considered in assessing the voluntariness of a confession. In this case, there is more.
During the delay, defendant was subjected to periods of prolonged and vigorous interrogation. He was permitted to languish in his cell at selected intervals and then returned for further questioning at the whim of his interrogators. He was led to believe that if he confessed he would not be incarcerated, nor be returned to Louisiana on an outstanding fugitive warrant, but rather would be assigned to a mental facility. At one point, when defendant began to display an incipient recognition of his need for counsel, an Assistant District Attorney neatly dissuaded defendant from exercising his rights. In short, the circumstances bespeak such a serious disregard of defendant’s rights, and were so conducive to unreliable and involuntary statements, that the prosecutor has not demonstrated beyond a reasonable doubt that the defendant’s will was not overborne.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.