OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After defendant had been booked and processed at the New York County Criminal Courts Building, the arresting officers appeared at the early case assessment bureau for the purpose of signing a complaint. No complaint had yet been drawn and Assistant District Attorney Mullady on duty at the bureau (which had been created through a Federal grant to evaluate felony and misdemeanor cases prior to their submission to the Criminal Court for arraignment) asked the officers to bring defendant to him. When defendant was produced, Mullady identified himself and proceeded to give defendant his constitutional preinterrogation warnings. Defendant waived his rights and agreed to answer Mullady’s questions. In the course of such questioning defendant made the inculpatory statement which he later sought to suppress.
Defendant does not contest the voluntariness of his waiver; instead he contends that in the circumstances his constitutional entitlement to counsel had become effective and accordingly that his inculpatory statement made in the absence of counsel should have been suppressed. We disagree. It is conceded that no accusatory instrument had been prepared or signed. Therefore, no criminal action had *694 been commenced (CPL 1.20, subd 17). We cannot agree with defendant’s argument that because he was physically in police custody awaiting arraignment his right to counsel had attached, and no decision in our court so holds. There is nothing to suggest that the short delay in arraignment in this instance was designed to afford an opportunity for prearraignment interrogation or was otherwise calculated to deprive defendant of his right to counsel. To the contrary, the proof is that the delay in preparation of the complaint and thus in. arraignment was for the independent purpose of conforming to and implementing the terms of the Federal grant.
Defendant further contends that the showup identification made by the witness to the robbery when defendant was taken back to Nathan’s restaurant, the scene of the crime, should be suppressed on the ground that his return constituted an Illegal detention. This claim must be rejected in view of the affirmed finding of fact, for which there is support in the record, that defendant consented to accompany the officers back to the restaurant.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer taking no part.
Order affirmed in a memorandum.