*823 OPINION OF THE COURT
Leon A. Beerman, J.
Defendant, Roman Moore, moved this court for an order suppressing statements and identification testimony. The court held a hearing on October 3 and 9, 1986.
By order and decision dated November 13, 1986, the court denied the motion to suppress identification testimony, but granted the motion to suppress statements to the extent that it ordered suppression of statements defendant made after his right to counsel had attached. (People v Moore, 133 Misc 2d 900.) By notice of motion dated December 19,1986, returnable February 9, 1987, the People have moved this court for reargument of the decision, or, in the alternative, for an order reopening the hearing.
The People claim that in its decision of November 13, 1986, the court employed a rebuttable presumption that an unreasonable delay in arraignment implies that the delay was for the purpose of depriving the defendant of his right to counsel. The People further assert that such a presumption is not supported by Court of Appeals or Second Department cases. There are two answers to the People’s position.
First, as pointed out in the decision (133 Misc 2d 900, 904-905, supra), the Court of Appeals held in People v Blake (35 NY2d 331, 340 [1974]) that an unreasonable delay in arraignment raises the presumption that the delay was for the purpose of depriving the defendant of his right to counsel. Also, in People v Cooper (101 AD2d 1, 10 [4th Dept 1984]), the Appellate Division held that this presumption applies in relation to statements taken from a defendant. Notably, the People’s reargument papers address neither Blake nor Cooper.
None of the cases cited by the People in their reargument papers in any way indicate that the presumption does not apply in statement cases. The Court of Appeals cases cited by the People simply indicate that delay is but one factor bearing on voluntariness of a statement and that delay in arraignment does not automatically make the right to counsel attach. (People v Hopkins, 58 NY2d 1079, 1081 [1983]; People v Wilson, 56 NY2d 692, 693-694 [1982]; People v Holland, 48 NY2d 861, 861-862 [1979]; People v Carbonaro, 21 NY2d 271, 277 [1967].) And the Second Department cases cited by the People merely involve affirmative findings that the People did prove that the delay was not for the purpose of depriving the defendant of counsel. (People v Williams, 112 AD2d 259, 260 *824 [2d Dept 1985]; People v Bernacet, 108 AD2d 921, 922 [2d Dept 1985].) Indeed, the Bernacet case cites with approval Cooper (supra), the Fourth Department case expressly holding that the presumption applies to statements.
Moreover, this court made clear in its decision that, apart from any presumption, it found that the delay in this case was for the purpose of depriving defendant of his right to counsel. (133 Misc 2d 900, 906-907, supra.)
Thus, the People’s motion for reargument is denied.
The People also ask this court to reopen the hearing, claiming that the People properly relied on the then state of the law in failing to adduce evidence at the hearing explaining the delay in defendant’s arraignment. However, as already discussed, and as shown in the original decision (133 Mise 2d 900, 903-907, supra), that decision was well within the mainstream of the law existing when the decision was rendered.
In People v Havelka (45 NY2d 636, 641-644 [1978]), the Court of Appeals held that the People are entitled to one full and fair suppression hearing. Were the law otherwise,
"the defendant, having prevailed at the hearing, would be haunted by the specter of renewed proceedings. Success at a suppression hearing would be nearly meaningless, for a second and perhaps a third hearing, could later be ordered.
"It is of equally great concern that a perfunctory remand would magnify the potential for abuse and injustice * * * Tailoring the evidence at the rehearing to fit the court’s established requirements, whether done unconsciously or otherwise, would surely be a considerable danger.” (People v Havelka, supra, at 643.)
Here, the investigating detective testified for the People at the hearing, but was not asked to explain the delay in defendant’s arraignment. And the hearing was specifically adjourned for a week so that the Assistant District Attorney who took a statement from defendant could explain the delay. However, on that adjourned date, the People declined to call him to the stand. Were this court to allow either or both of those persons to testify at a new hearing "[tailoring the evidence at the rehearing to fit the court’s established requirements, whether done unconsciously or otherwise, would surely be a considerable danger.” (People v Havelka, supra, at 643.)
Suppression hearings are not held for the purpose of the court’s educating counsel on the law. Nor are they held to enable the People to "test the water” by adducing only a *825 minimal amount of evidence in the hope that they can adduce more at a rehearing if the court finds the initial amount insufficient.
Accordingly, the People’s motion to reopen the hearing is denied.