■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RINGER, Appellant.

The defendant stands convicted of robbery in the first degree on the basis of evidence consisting primarily of statements made to the police. At a *Huntley* hearing, the arresting officer testified in pertinent part as follows:

"Q. * * * Officer Vance, did you have any further conversation with the Mr. Ringer?

"A. Yes, I did.

"Q. What, if anything, did you say to him and what did he say to you?

"A. * * * Mr. Ringer told me that he did not wish to make a statement, that he wanted an attorney and he did not wish to make any statement at all.

"Q. All right. Do you recall him specifically saying he wished an attorney or that he did not wish to speak to you * * * Did he say anything with regard to an attorney * * *

"A. I don't remember what his exact words were.

"Q. All right. Do you recall whether he said anything in regard to an attorney?

"A. I can't be sure, no * * *

"THE COURT: Let's get it straight for the record, for the court. My understanding is you said he wanted an attorney after you read him his rights * * * Now did he say he wanted a lawyer or you don't recall what he said in regard to a lawyer?

"THE WITNESS: Well, he's asking me do I remember specifically what he said about stating a lawyer and I do not

remember what he said. I remember him saying something about a lawyer".

Based on this testimony, and our obligation "to ' "indulge every reasonable presumption against waiver" of fundamental constitutional rights' " *(People v Warren,* 97 AD2d 486, 488, *appeal dismissed* 61 NY2d 886, quoting from *Johnson v Zerbst,* 304 US 458, 464), we conclude that the People have failed to meet their burden of proving beyond a reasonable doubt that the statements made by the defendant were voluntarily made after a waiver of the defendant's right to counsel *(see, People v Holland,* 48 NY2d 861; *People v Huntley,* 15 NY2d 72) and thus the statements should have been suppressed (CPL 60.45).

Statements made after a suspect has asked for counsel cannot be made voluntarily unless the defendant has made an informed waiver upon the advice of counsel *(People v Cunningham,* 49 NY2d 203, 207). The record reveals no subsequent presence of counsel prior to the defendant's inculpatory statements to the police. Hence, given the strong possibility that the defendant invoked his right to counsel, and the fact that the People concede the statements were made while he was continuously in custody after his arrest *(see, People v Jackson,* 41 NY2d 146), we must reverse the decision of the hearing court and order the defendant's statements to the police suppressed *(see, People v Pugh,* 70 AD2d 664).

Since the vast majority of the evidence presented against the defendant emanated from these statements, we cannot find the hearing court committed harmless error *(People v Crimmins,* 36 NY2d 230) and thus a new trial is ordered *(People v Goodman,* 54 NY2d 451; *People v Felder,* 47 NY2d 287). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.