■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIGGINS, Also Known as ANTHONY ALLAH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered October 27, 1983, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

At approximately 2:00 A.M. on September 30, 1982, the defendant was arrested in connection with the murder of Laura Evelyn. His arrest was based upon information given to the police by an informant who implicated the defendant as well as himself in the murder. While in police custody, the defendant confessed to being involved in the murder of 91-year-old Dunie Lewis during a burglary of her apartment. It is the Lewis murder from which the defendant's conviction stems. His confession to that crime came after the detective who had administered a polygraph test, with the defendant's consent, told the defendant that he "did not do very well on the test and that as far as [the detective] was concerned there were unresolved issues regarding the old woman".

The defendant contends that the police lacked probable

cause to arrest him for the murder of Laura Evelyn because although the informant had personal knowledge of the crime, he was not a reliable source. Contrary to this contention, the informant was a reliable source for the purpose of providing the police with probable cause to arrest him. In addition to implicating the defendant, the informant also clearly implicated himself in the murder. This admission against the informant's own penal interest constituted reliable information for the purposes of supplying probable cause *(see, People v Johnson,* 66 NY2d 398, 403; *People v Nelson,* 125 AD2d 339; *cf., People v McGriff,* 130 AD2d 141). It is of no moment that the defendant was never prosecuted for the Evelyn murder. The subsequent events did nothing to remove the initial probable cause to arrest the defendant since they did not, standing alone, necessarily lead to the conclusion that the informant was unreliable. We note that the informant was eventually tried and convicted of the Evelyn murder, and his judgment of conviction was affirmed on appeal *(see, People v Coker,* 135 AD2d 723).

We further note that there is nothing to indicate that the defendant's confession was coerced. He was not subjected to any prolonged or vigorous interrogation *(cf., People v Holland,* 48 NY2d 861), and his confession came after being given a polygraph test which he had consented to take and for which he had previously reviewed the questions to be asked. In addition, there was nothing improper in the comment the detective made to the defendant with respect to his performance on the polygraph test. The detective did not indicate to the defendant that he thought that the defendant was lying *(cf., People v Cavagnaro,* 88 AD2d 938), there was no attempt to convey the infallibility of the machine *(cf., People v Leonard,* 59 AD2d 1) and the detective did not browbeat the defendant with accusations of untruthfulness *(see, People v Tarsia,* 50 NY2d 1, 12). In light of the above, suppression of the defendant's confession was properly denied.

While it was error to admit the confessions of the codefendant Walker into evidence at their joint trial *(Cruz v New York,* 481 US 186), the error was harmless beyond a reasonable doubt *(see, Cruz v New York, supra; People v Hamlin,* 71 NY2d 750). At his trial, the defendant's own confession, which was both written and videotaped, was detailed, comprehensive, unrepudiated, and satisfactorily explained his part in the crime. Moreover, the defendant's statements, which were consistent with each other, provided crucial evidence which ne-

gated his affirmative defense to felony murder *(see,* Penal Law § 125.25 [3]).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (CPL 470.05 [2]; *People v Holland,* 48 NY2d 861; *People v Ashwal,* 39 NY2d 105; *cf., People v Brown,* 111 AD2d 248). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.