■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT BARKER, Appellant.—Judgment of the Supreme Court, Bronx County (Ira Globerman, J., at suppression hearing; Steven Barrett, J., at plea and sentence), rendered September 15, 1989, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and burglary in the first degree and sentencing him to concurrent indeterminate terms of 8⅓ to 25 years and 12½ to 25 years, respectively, unanimously affirmed.

On the night of October 29, 1988, defendant and his brother went to a social club at East 219th Street in the Bronx intending to commit armed robbery. Defendant was armed with an Uzi semiautomatic weapon. During the attempted robbery, defendant's brother shot and killed a patron. Defendant and his brother were apprehended while fleeing and attempting to dispose of the weapons. Defendant's transfer to central booking for arraignment was delayed in order to

investigate defendant's connection with the shootings. Over the course of approximately 16 hours following arrest, defendant made several statements to the police, and eventually, a confession, which was videotaped.

Defendant argues that the unreasonable delay in arraignment constitutes an extraordinary circumstance such that defendant's right to counsel should be deemed to have attached. We disagree. Such delays do not cause the right to counsel to attach automatically and are but one factor to be considered on the issue of underlying involuntariness *(see, People v Hopkins,* 58 NY2d 1079). In this case, the delay in arraignment was justified in light of the ongoing investigation.

Also without merit is defendant's contention that his sentence was excessive. Defendant was sentenced in accordance with his plea bargain, and having received the benefit of his bargain, should be bound by its terms *(People v Bosque,* 155 AD2d 377), which in the circumstances we believe to be justified. Concur—Murphy, P. J., Kupferman, Sullivan, Wallach and Rubin, JJ.