OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On March 29, 1992, at approximately 7:00 a.m., defendant was arrested in connection with the stabbing death of his former girlfriend. Defendant was advised of his
 
 Miranda
 
 rights upon arrest and again at the station house. At 9:30, defendant agreed to talk to the officers without an attorney present and, at 12:15 p.m., signed a written statement confessing to the crime. Defendant was arraigned at 1:00 p.m. At the
 
 Huntley
 
 hearing, one of the interrogating officers testified that the reason defendant was not taken for arraignment at 9:30
 
 *990
 
 was that the police "wanted to talk to him.” County Court found that defendant competently and voluntarily waived his
 
 Miranda
 
 rights and accordingly denied suppression of the statement. Defendant pleaded guilty to second degree murder, and the Appellate Division affirmed.
 

 Defendant contends that he was entitled to suppression on the ground that arraignment was postponed for the sole purpose of depriving him of the right to counsel, a contention not supported by the record. We therefore conclude that there was no "unnecessary delay” (CPL 140.20 [1]), and thus suppression was properly denied
 
 (see, People v Wilson,
 
 56 NY2d 692, 694;
 
 see also,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 140.20, at 540).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.