■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO AQUENDO, Appellant. [623 NYS2d 248] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 8, 1992, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree and robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years on the first two counts and 7½ to 15 years on the remaining count, unanimously affirmed.

The action of the police in questioning defendant a second time while waiting for a lineup to proceed to arraignment did not deprive him of his right to counsel since his arraignment was not imminent at the time of the interrogation and the questioning was not designed to deprive him of the opportunity to be represented by counsel (see, People v Wilson, 56 NY2d 692; People v Bowens, 129 AD2d 297, lv denied 70 NY2d 749).

The court properly refused to charge the lesser included offenses of robbery in the third degree and burglary in the second degree since there was no reasonable view of the evidence to suggest that defendant did not use a knife during the incident (see, People v Scarborough, 49 NY2d 364). Finally, the contention that the trial court marshaled the evidence in an unbalanced fashion is unpreserved (CPL 470.05 [2]) and review in the interest of justice is unwarranted, since the charge, as a whole, properly explained the application of the law to the facts of the case in an unbiased and even handed manner (CPL 300.10 [2]; People v Saunders, 64 NY2d 665). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Tom, JJ.