OPINION OF THE COURT
 

 Rosenblatt, J.
 

 In
 
 People v Kinchen
 
 (60 NY2d 772, 773 [1983]), we held that “a claimed deprivation of the State constitutional right to counsel may be raised on appeal, notwithstanding that the issue was not preserved by having been specifically raised in a suppression motion or at trial.” On this appeal, defendant argues that an intentional delay of arraignment for the purpose of obtaining a confession gives rise to a valid State constitutional right to counsel claim which, under
 
 Hinchen,
 
 may be raised for the first time on appeal. We disagree, and conclude that defendant has not stated a valid right to counsel claim, but rather asserts a violation of the prompt-arraignment statute (CPL 140.20), which must be preserved for appellate review
 
 (see
 
 CPL 470.05 [2]). Defendant’s failure to do so renders his claim unreviewable before this Court.
 

 I.
 

 On the morning of July 18, 1996, Jennifer Yee was found shot to death in the bathtub of her home in Queens. During their investigation that morning, detectives learned that the victim had been romantically involved with defendant. The detectives went to defendant’s workplace and interviewed him as to his whereabouts the night before. After noting several inconsistencies in his account, the detectives asked him to accompany them to the precinct for further questioning. He agreed.
 

 Defendant arrived at the precinct at about 7:30 on the evening of July 18. The officers placed him in an interview room, alone. He was not handcuffed and was offered food and water. At about 10:00 p.m., a detective read defendant his
 
 Miranda
 
 rights using a police department form. Defendant said that he understood his rights and did not want an attorney. He also signed the form, signifying his waiver of the right to counsel.
 

 During the next two hours of questioning, defendant admitted that he had been in the victim’s home late the previous
 
 *31
 
 night, a fact incompatible with his prior accounts of his whereabouts. He said he found the victim near death, bleeding in the upstairs bathtub, but denied any responsibility for the crime. His current girlfriend, however, told the detectives that defendant had gone to her house early that morning, asking for a change of clothing. Defendant had told her that he “messed up” and that the victim was “gone.” Based on this and other information — including the presence of what appeared to be blood on the soles of defendant’s shoes — the officers placed him under arrest at 12:20 a.m. on July 19. Defendant spent the night at the precinct.
 

 At about 1:00 p.m. on July 19, Detective Sica, along with another detective, arrived at the precinct to interview defendant. They began by again informing him of his
 
 Miranda
 
 rights. Defendant again said that he understood the warnings and in writing waived his right to counsel. After initially denying any involvement in the crime, defendant gave a full written confession. The detectives completed the interview at about 3:30 p.m. and then sent defendant to central booking. He was arraigned shortly thereafter. In all, some 15 hours elapsed between defendant’s arrest and arraignment.
 

 Following his indictment for second degree murder and related crimes, defendant moved to suppress his confession, claiming that it was the product of police coercion. At no point did he argue that the police officers violated his right to counsel or that any delay in arraignment led to his confession. Supreme Court rejected defendant’s claims and concluded that defendant had confessed voluntarily after validly waiving his
 
 Miranda
 
 rights. A jury found him guilty of second degree murder, first degree burglary and second degree criminal weapon possession.
 

 On his appeal to the Appellate Division, defendant argued for the first time that the detectives delayed his arraignment for the purpose of obtaining a confession and that the delay violated his State constitutional right to counsel. In support of his argument, defendant referred to the trial testimony of Detective Joanne Toole, the arresting officer. On cross-examination, she testified that at about 3:00 a.m. on July 19— roughly two hours and 40 minutes after defendant was placed under arrest — she stopped the booking process because she believed defendant had more information about the crime. Detective Toole stated that she wanted Detective Sica, who was more experienced at conducting interrogations, to interview defendant. Defendant argued at the Appellate Division
 
 *32
 
 that Detective Toole’s actions in delaying the arraignment solely for the purpose of having Detective Sica conduct a second interview violated his right to counsel.
 

 The Appellate Division held that defendant’s right to counsel claim could be raised on appeal even though it was unpreserved. The Court, however, declined to reach the merits because the record was not sufficient to permit appellate review, and affirmed defendant’s conviction (282 AD2d 623 [2001]).
 

 A Judge of this Court granted defendant leave to appeal and we now affirm, but on different grounds. Contrary to the Appellate Division’s holding, defendant’s claim involves only an asserted violation of CPL 140.20, not the State constitutional right to counsel. Defendant’s failure to preserve any argument based on CPL 140.20 compels our affirmance of the Appellate Division order. We now take this opportunity to explain why an undue delay in arraignment does not give rise to a constitutional right to counsel.
 
 [1]
 

 II.
 

 The State constitutional right to counsel is a “cherished principle”
 
 (People v West,
 
 81 NY2d 370, 373 [1993];
 
 People v Harris,
 
 77 NY2d 434, 439 [1991];
 
 People v Settles,
 
 46 NY2d 154, 160-161 [1978]) worthy of the “highest degree of [judicial] vigilance”
 
 (People v Cunningham,
 
 49 NY2d 203, 207 [I960]).
 
 [2]
 
 Our decisional law has advanced this principle by holding that the State constitutional right to counsel attaches indelibly in two situations. First, it arises when formal judicial proceedings begin, whether or not the defendant has actually retained or requested a lawyer
 
 (see People v Di Biasi,
 
 7 NY2d 544 [I960];
 
 see also Settles,
 
 46 NY2d at 161). Second, the right to counsel attaches when an uncharged individual “has actually retained a lawyer in the matter at issue or, while in custody, has
 
 *33
 
 requested a lawyer in that matter”
 
 (West,
 
 81 NY2d at 373-374;
 
 see also People v Skinner,
 
 52 NY2d 24 [1980];
 
 People v Hobson,
 
 39 NY2d 479, 481 [1976]). Although these principles are similar to those developed under the Fifth and Sixth Amendments to the Federal Constitution
 
 (see Miranda v Arizona,
 
 384 US 436 [1966];
 
 Massiah v United States,
 
 377 US 201 [1964]), New York’s constitutional right to counsel jurisprudence developed “independent of its Federal counterpart”
 
 (Settles,
 
 46 NY2d at 161) and offers broader protections.
 
 [3]
 

 The case before us, however, does not fall into either of the situations in which the right to counsel attaches. When defendant confessed, judicial proceedings had not yet begun, nor had defendant retained or requested an attorney. Indeed, he twice waived his right to counsel and does not claim otherwise. Instead, he argues that his State constitutional right to counsel arose when the officers deliberately delayed his arraignment for the purpose of obtaining an uncounseled confession. In support of this claim, defendant cites
 
 People v Wilson
 
 (56 NY2d 692 [1982]) and
 
 People v Ortlieb
 
 (84 NY2d 989 [1994]).
 
 [4]
 

 In
 
 Wilson,
 
 the defendant sought to suppress inculpatory statements he made while in police custody. As here, the defendant argued that even though he had expressly waived his right to counsel and no accusatory instrument had been filed, his right to counsel had attached by virtue of a delay in his arraignment. The Court rejected the defendant’s claim, holding that “[w]e cannot agree with defendant’s argument that because he was physically in police custody awaiting arraignment his right to counsel had attached, and no decision in our court so holds”
 
 (Wilson,
 
 56 NY2d at 694). The Court noted that there was nothing to suggest that the delay in arraignment was calculated to deprive the defendant of his right to counsel. In
 
 Ortlieb,
 
 the defendant argued that the confession he gave to police approximately five hours after his arrest should have been suppressed because police delayed his arraignment for
 
 *34
 
 the purpose of depriving him of the right to counsel. Finding no evidence in the record to support that claim, we concluded that “there was no ‘unnecessary delay’ ” under CPL 140.20 (1) 0Ortlieb, 84 NY2d at 990).
 

 Contrary to defendant’s contentions, we have never held that a deliberate delay of arraignment for the purpose of obtaining a confession triggers the State constitutional right to counsel.
 
 Wilson
 
 did not fully consider the issue and
 
 Ortlieb
 
 rested its analysis on CPL 140.20 (1), not the State Constitution.
 
 [5]
 
 Indeed, we have explained that a delay in arraignment “does not cause the right to counsel to attach automatically”
 
 (People v Hopkins,
 
 58 NY2d 1079, 1081 [1983]). Rather, such a delay bears on the
 
 voluntariness
 
 of the confession, and is a factor to be considered in that regard
 
 (see id.; People v Holland,
 
 48 NY2d 861, 863 [1979];
 
 People v Dairsaw,
 
 46 NY2d 739, 740 [1978];
 
 People v Anderson,
 
 42 NY2d 35, 38-41 [1977]). We have long held that if law enforcement officials deliberately delay the arraignment to procure a confession, that fact has a substantial bearing on a claim of involuntariness
 
 (see People v Alex,
 
 265 NY 192, 195 [1934]). We have never held, however, that an undue delay in arraignment triggers a State constitutional right to counsel, i.e., one that goes beyond the requirements of the United States Constitution.
 
 [6]
 
 For the reasons that follow, we decline to do so now.
 

 III.
 

 In the case before us, any delay in arraignment could not have deprived defendant of the constitutional right to counsel because that right simply had not yet attached. Our decisional law firmly establishes that, absent a request for an attorney (which did not occur here), the right to counsel arises only when formal judicial proceedings begin
 
 (see West,
 
 81 NY2d at 373;
 
 People v Bing,
 
 76 NY2d 331, 339 [1990];
 
 People v Samuels,
 
 49 NY2d 218, 221 [1980] [judicial activity]). There is no support in our case law to fix the right to counsel at the point defendant suggests.
 

 
 *35
 
 A second reason why a delay in arraignment does not amount to a deprivation of the right to counsel is that a person’s interests in securing counsel after a warrantless arrest are now well protected under federal and state law. A person who is arrested, brought into police custody and interrogated must first be given
 
 Miranda
 
 warnings (384 US at 471). If, during the course of custodial police interrogation, the person chooses to remain silent or otherwise invokes the right to counsel, all interrogation must cease (see
 
 Cunningham,
 
 49 NY2d at 205;
 
 Miranda,
 
 384 US at 473-474). Here, defendant was free at any time to invoke his right to counsel, at which point the detectives would have had to stop questioning him (see
 
 Bing,
 
 76 NY2d at 339;
 
 Skinner,
 
 52 NY2d at 29;
 
 Cunningham,
 
 49 NY2d at 205;
 
 Miranda,
 
 384 US at 473-474). Had defendant invoked that right, any statements elicited from him in the absence of his attorney would be subject to suppression (see
 
 Settles,
 
 46 NY2d at 162).
 

 Furthermore, a confession must be suppressed if involuntary by reason of an undue delay in arraignment. From
 
 People v Alex
 
 (265 NY at 195) to
 
 People v Hopkins
 
 (58 NY2d at 1081), we have consistently held that an undue delay in arraignment should properly be considered in assessing the voluntariness of a defendant’s confession
 
 (see also Holland,
 
 48 NY2d at 862-863;
 
 Anderson,
 
 42 NY2d at 39;
 
 People v Malinski,
 
 292 NY 360 [1944];
 
 People v Elmore,
 
 277 NY 397, 404-405 [1938];
 
 People v Mummiani,
 
 258 NY 394, 396 [1932]).
 
 In Anderson,
 
 for example, we noted that the lengthy delay in arraigning the defendant was a significant reason why the defendant’s confession could not be considered voluntary (42 NY2d at 39). We have been careful to state, however, that except in cases of involuntariness, a delay in arraignment, even if prompted by a desire for further police questioning, does not warrant suppression
 
 (see Dairsaw,
 
 46 NY2d at 740;
 
 Anderson,
 
 42 NY2d at 39;
 
 People v Johnson,
 
 40 NY2d 882, 883 [1976];
 
 Alex,
 
 265 NY at 194;
 
 Malinski,
 
 292 NY at 371;
 
 Elmore,
 
 277 NY at 404;
 
 see also Holland,
 
 48 NY2d at 862-863). Here, we note that defendant does not contend that his confession was involuntary or that his waiver of the right to counsel was ineffective.
 

 Third, the prompt-arraignment statute does not by its terms or by implication create a right to counsel. Under CPL 140.20 (1), a person arrested without a warrant must “without unnecessary delay” be processed and brought before a local criminal court, and an accusatory instrument charging him with a crime
 
 *36
 
 must be filed
 
 (see
 
 CPL 140.20 [l]).
 
 [7]
 
 A defendant whose arraignment is unnecessarily delayed has meaningful remedies under state law, including release from custody
 
 (see People ex rel. Maxian v Brown,
 
 77 NY2d 422 [1991]) and, if the delay affected the voluntariness of a confession, suppression
 
 (see Holland,
 
 48 NY2d at 862-863).
 
 [8]
 

 However, CPL 140.20, which mirrors the federal rule,
 
 [9]
 
 is not meant to ensure the right to counsel. Instead, it is designed to protect against unlawful confinement and assure that persons accused are advised of their rights and given notice of the crime or crimes charged.
 
 [10]
 
 Defendant’s attempt to convert CPL 140.20 into a constitutional right-to-counsel claim is misguided. The right to a prompt arraignment is grounded neither in this Court’s constitutional right-to-counsel jurisprudence nor (in the case of the federal rule) in the Supreme Court’s interpretation of the Sixth Amendment
 
 (see
 
 CPL 140.20 [1]; Fed Rules Crim Pro rule 5 [a]).
 

 
 *37
 
 Were we to adopt defendant’s position, any alleged unnecessary delay in arraignment could support a deprivation of counsel claim and be raised for the first time on appeal
 
 (see Kinchen,
 
 60 NY2d at 773-774). Such an approach would skew our preservation jurisprudence. Although this Court has created an exception authorizing review of unpreserved constitutional right-to-counsel claims, we have done so only when the constitutional violation was established on the face of the record
 
 (see e.g. Samuels,
 
 49 NY2d 218;
 
 People v Ermo,
 
 47 NY2d 863 [1979]). Here the record reveals no constitutional right-to-counsel violation, nor (for the reasons already stated) may such a claim be based on a delay in arraignment. Defendant may not convert an unpreserved statutory claim into a constitutional right-to-counsel claim — and thus gain appellate review — by merely labeling the claim constitutional.
 

 Moreover, allowing a defendant, under constitutional guise, to raise a claim of this type for the first time on appeal would not only make appellate review difficult, it would also seriously prejudice the People. They would not have a chance to rebut the defendant’s claim by showing other reasons for the delay in arraignment, such as the need to continue the investigation, examine the crime scene, gather the accused’s pedigree information, acquire the accused’s criminal history or otherwise explain the procedures that are involved before a defendant is arraigned.
 

 For these reasons, we hold that a delay in arraignment for the purpose of further police questioning does not establish a deprivation of the State constitutional right to counsel.
 
 [11]
 
 The delay in arraignment claim must instead be advanced under CPL 140.20 (1). Because defendant did not do so at the trial level — indeed, defense counsel expressly disclaimed reliance on that provision before this Court — any claim based on that provision is unpreserved for this Court’s review.
 

 Defendant’s other contentions are without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur.
 

 Order affirmed.
 

 [1]
 

 . We note that there exists some variation in approach among the Appellate Division Departments
 
 (compare People v Mosley,
 
 135 AD2d 662 [2d Dept 1987]
 
 and People v Cooper,
 
 101 AD2d 1 [4th Dept 1984], where the Courts held that the right to counsel attaches if the police violate CPL 140.20 and unduly delay arraignment in order
 
 to procure
 
 a confession,
 
 with People v Barker,
 
 168 AD2d 211, 212 [1st Dept 1990]
 
 and People v Van Buren,
 
 115 AD2d 185 [3d Dept 1985], where the Courts held that even if there is unnecessary delay under CPL 140.20, a confession obtained during that period is inadmissible only if it is involuntary).
 

 [2]
 

 . Article I, § 6 of the New York Constitution states, in relevant part: “In any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions.”
 

 [3]
 

 .
 
 Compare Cunningham
 
 (49 NY2d at 210), in which we held that once a defendant invokes the right to counsel, that right may not be waived in the absence of counsel,
 
 with Edwards v Arizona
 
 (451 US 477, 484-485 [1981]), which allows defendants to waive the right to counsel without counsel present.
 
 See generally Settles
 
 (46 NY2d at 161); 2 LaFave, Israel and King, Criminal Procedure § 6.4 (f) (at 493 n 100 [2d ed 1999]).
 

 [4]
 

 . Defendant makes no claim under the Sixth Amendment to the United States Constitution and cites no federal cases in support of his claim. Indeed, at least one federal court has rejected an identical argument
 
 (see Holmes v Scully,
 
 706 F Supp 195, 203 [ED NY 1989] [holding that a delay in arraignment does not implicate the right to counsel]).
 

 [5]
 

 . “Constitutional rights are not defined by inferences from opinions which did not address the question at issue”
 
 (Texas v Cobb,
 
 532 US 162, 169 [2001]).
 

 [6]
 

 .
 
 People v Blake
 
 (35 NY2d 331 [1974]) should not be read to suggest otherwise. In
 
 Blake
 
 we held that “[w]here * * * there is insufficiently explained delay which prevents [the accused] from obtaining counsel as he would on arraignment,
 
 and he has not waived the right to counsel,
 
 the circumstances may establish his right to counsel at the [corporeal] viewing”
 
 (id.
 
 at 340-341 [emphasis added]).
 

 [7]
 

 . CPL 140.20 (1) provides, in relevant part: “Upon arresting a person without a warrant, a police officer, after performing without unnecessary delay all recording, fingerprinting and other preliminary police duties required in the particular case, must except as otherwise provided in this section, without unnecessary delay bring the arrested person or cause him to be brought before a local criminal court and file therewith an appropriate accusatory instrument charging him with the offense or offenses in question.”
 

 [8]
 

 . Moreover, the Supreme Court has held that an accused in custody has a federal constitutional right to a prompt probable-cause determination
 
 (see County of Riverside v McLaughlin,
 
 500 US 44 [1991]). We note that such a right is grounded in the Fourth Amendment’s proscription against unreasonable seizures, not the right to counsel under the Fifth or Sixth Amendments
 
 (see id.
 
 at 56;
 
 Gerstein v Pugh,
 
 420 US 103, 111-116 [1975]).
 

 [9]
 

 . Rule 5 (a) of the Federal Rules of Criminal Procedure provides: “[A]n officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate judge * * *. If a person arrested without a warrant is brought before a magistrate judge, a complaint, satisfying the probable cause requirements of Rule 4 (a), shall be promptly filed.”
 

 One important difference between the state and federal rules is that confessions obtained in violation of the federal rule are deemed inadmissible in federal court (see
 
 McNabb v United States,
 
 318 US 332 [1943];
 
 see also Mallory v United States,
 
 354 US 449 [1957]). The Supreme Court has made clear that the so-called
 
 McNabb-Mallory
 
 exclusionary rule is not constitutionally required and is not binding upon the states
 
 (see Gallegos v Nebraska,
 
 342 US 55, 63-64 [1951]). Defendant has not asked this Court to adopt that rule as a matter of state law. Indeed, the appeal before us does not involve the voluntariness of a confession.
 

 [10]
 

 .
 
 See
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 140.20, at 538 (1992);
 
 cf. Mallory,
 
 354 US at 452-454;
 
 United States v Carignan,
 
 342 US 36, 44-45 (1951).
 

 [11]
 

 . [3] To the extent that
 
 People v Mosley
 
 (135 AD2d 662) and
 
 People v Cooper
 
 (101 AD2d 1) hold or suggest otherwise, those cases should not be followed.