THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE PRUDE, Appellant. (Appeal No. 1.) [769 NYS2d 680]—

Appeal from a judgment of Monroe County Court (Marks, J.), entered October 16, 1995, convicting defendant after a jury trial of, inter alia, murder in the second degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of two counts of robbery in the first degree under counts five and six of the indictment and vacating the sentences imposed thereon and as modi-

fied the judgment is affirmed, and a new trial is granted on counts five and six of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of crimes arising from four separate incidents in Rochester during an eight-day period. The first incident occurred on December 31, 1994 and involved the robbery and murder of an alleged drug dealer. The second incident occurred on January 2, 1995 and involved the robbery of a person as he walked down the street. The last two incidents occurred on January 7, 1995. In one, a college student was robbed and murdered during the early morning hours as he walked home from a part-time job; in the other, which occurred later that afternoon, an alleged drug house was robbed and one of its occupants was murdered. Defendant was arrested shortly thereafter.

We conclude that County Court properly denied the motion of defendant seeking suppression of his statements to police following his arrest. Defendant was questioned intermittently after his arrest at 9:45 P.M. on Saturday, January 7th, until 6:40 P.M. on Sunday, January 8th, when he was taken to central booking. He was arraigned the next morning, on Monday, January 9th. He contends that his arraignment was unreasonably delayed, depriving him of his right to counsel and rendering his statements involuntary. We disagree. The record of the suppression hearing establishes that Rochester City Court was closed on Sunday, January 8th, and thus defendant could not have been arraigned until Monday, January 9th. In any event, pursuant to *People v Ramos* (99 NY2d 27, 37 [2002]), "a delay in arraignment for the purpose of further police questioning does not establish a deprivation of the State constitutional right to counsel." Where, as here, there is no request for an attorney, "the right to counsel arises only when formal judicial proceedings begin" (*id.* at 34). An undue delay in arraignment alone does not render a confession involuntary (*see id.* at 35; *People v Holland,* 48 NY2d 861, 862-863 [1979]), and the record of the suppression hearing supports the court's conclusion that defendant's statements were voluntary.

We reject the contention of defendant in his pro se supplemental brief that the People failed to rebut his testimony at the suppression hearing that the police intentionally injured his hand during interrogation. The court did not credit defendant's testimony and found, consistent with the officers' testimony at the hearing, that "[t]here were no threats, promises, or force used to influence the defendant to make any statements." The court was entitled to resolve that credibility issue in favor of the

People (see *People v Coleman*, 306 AD2d 941 [2003]). The additional contention of defendant in the pro se supplemental brief that the issuance of a police bulletin for his arrest triggered his right to counsel is without merit. A police bulletin does not commence formal judicial proceedings (see *People v Samuels*, 49 NY2d 218, 221 [1980]).

Defendant further contends that the court erred in failing to submit to the jury, as a question of fact, whether a certain witness to the January 2nd robbery was an accomplice. We agree. The witness admittedly waited in a stolen motor vehicle during the commission of the robbery, watched the robbery take place and then drove defendant from the scene. Those facts distinguish this case from *People v Brazeau* (162 AD2d 979, 980 [1990], *lv denied* 76 NY2d 891 [1990]), in which the witness learned of the crime only after its commission. We conclude that there is a reasonable view of the evidence that would support a finding that the witness was a participant in the crime charged (see CPL 60.22 [2] [a]; *People v Basch*, 36 NY2d 154, 156-157 [1975]), and thus the court should have given the requested instruction (see *People v Cody*, 190 AD2d 684, 684-685 [1993], *lv denied* 81 NY2d 969 [1993]). We disagree with the People that defendant's contention is not preserved for our review (see CPL 470.05 [2]).

Defendant's additional contention that the court's pretrial ruling permitting the introduction of evidence under *Molineux* was erroneous is moot, inasmuch as the People did not present such evidence at trial. We reject the contention of defendant that certain evidentiary rulings denied him a fair trial, and we conclude that he received meaningful representation (see *People v Benevento*, 91 NY2d 708, 714-715 [1998]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit.

We therefore modify the judgment by reversing those parts convicting defendant of two counts of robbery in the first degree in connection with the January 2nd incident and vacating the sentences imposed thereon, and we grant a new trial on counts five and six of the indictment. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.