■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE M. SEEBER, Appellant. [772 NYS2d 122]—

Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 3, 2001, convicting defendant upon her plea of guilty of the crimes of murder in the second degree and burglary in the third degree.

After defendant's 91-year-old stepgreat grandmother disap-

peared in February 2000, an ensuing police investigation soon focused on defendant and her boyfriend, Jeffrey Hampshire. Over the course of several days, defendant gave conflicting accounts to police regarding their activities during the relevant time period. Eventually, however, she led police to a rural location in the Town of Stillwater, Saratoga County, where the victim's body had been dumped.

A state police investigator then drove her a short distance from the scene and administered *Miranda* warnings. Defendant proceeded to give oral and written statements confessing to her participation in the murder. She recounted that she and Hampshire went to the victim's house for a visit during the course of which they stepped outside and Hampshire announced his intention to steal from the victim. According to defendant's statement, Hampshire tried to sneak into a bedroom in search of valuables. The victim confronted him, at which time he restrained and strangled her and then put her body in the trunk of defendant's car. The two of them then drove away to dispose of the body. Defendant signed her written statement and was arrested on the charge of murder in the second degree.

Defendant and Hampshire were subsequently indicted on three counts of murder in the second degree. Defendant's motion to suppress these statements was denied, but a severance was granted. Defendant subsequently pleaded guilty to felony murder in full satisfaction of this indictment, as well as burglary in the third degree in satisfaction of an unrelated incident. After Hampshire was acquitted at his trial, defendant moved to withdraw her plea. County Court denied the motion and sentenced her, as agreed, to concurrent prison terms aggregating 20 years to life. Defendant appeals.

Initially, we reject defendant's challenge to the sufficiency of her allocution. Defendant maintains that she failed to admit facts sufficient to establish either robbery or burglary as required to support the felony murder count of the indictment. We disagree. Defendant's allocution generally mirrored her earlier confession with the added details that she actively sought to distract the victim while Hampshire searched for valuables, that she remained in the victim's home unlawfully during the commission of the crime and that she assisted in causing the victim's death. These facts are sufficient to establish that defendant and/or Hampshire caused the victim's death during the commission of a burglary (*see* Penal Law §§ 20.00, 125.25 [3]; § 140.20). Although a trial court has a duty to make further inquiries before accepting a guilty plea when a defendant's factual recitation is insufficient to establish the elements of a crime (*see*

*People v Beasley*, 25 NY2d 483, 487-488 [1969]; *People v Serrano*, 15 NY2d 304, 308-310 [1965]; *People v Ocasio*, 265 AD2d 675, 677 [1999]), we see nothing in this record that "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666 [1988]) and thus conclude that County Court's colloquy and acceptance of the plea was proper in all respects.

Defendant also challenges County Court's denial of her suppression motion, arguing for the first time on appeal that her confession was obtained during a period of unnecessary prearraignment delay. Specifically, she contends that she was under constructive arrest when questioned in the police car shortly after the victim's body was found and that her arraignment was deliberately delayed in violation of CPL 140.20 (1) in order to extract a confession from her in the absence of counsel. While an unwarranted period of prearraignment delay can be a factor in assessing whether a confession was voluntary (*see People v Ramos*, 99 NY2d 27, 34 [2002]; *People v Holland*, 48 NY2d 861, 862-863 [1979]), a claimed violation of CPL 140.20 (1) must be raised at the trial level in order to afford the People an opportunity to put forth other reasons for the alleged delay in arraignment (*see People v Ramos, supra* at 37). Defendant failed to do so here, rendering this claim unpreserved for our review.

Finally, we are unpersuaded by defendant's challenge to the harshness of her negotiated sentence on the felony murder count. To be sure, defendant was only 18 years old at the time of the crime, had no prior criminal history and implicated Hampshire as being primarily responsible for the victim's death. Nonetheless, in view of the brutal nature of this crime, we decline to modify her sentence in the interest of justice (*see People v Jones*, 283 AD2d 665, 669 [2001], *lv denied* 96 NY2d 903 [2001]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.