■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN BRAXTON, Appellant. [779 NYS2d 265]—

Carpinello, J. Appeal from a judgment of the County Court of Saratoga County (Eidens, J.), rendered April 7, 2003, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of a two-count indictment, defendant pleaded guilty to the crime of criminal sale of a controlled substance in the third degree and was subsequently sentenced, as a second felony offender, to the agreed-upon term of 4¹/₂ to 9 years in prison. Defendant now appeals, claiming that County Court erred in failing to conduct further inquiry when the plea colloquy cast doubt upon the voluntariness of his plea.

First, defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders this issue unpreserved (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Kemp*, 288 AD2d 635, 635-636 [2001]). In any event, defendant claims that his negative response to County Court's question, "Do you agree there is nobody forcing you to [plead guilty]?," should have triggered further inquiry from the court because it reflects the fact that his plea may have been the product of coercion. However, when defendant's statement is read in the context of the entire allocution, a more persuasive reading of his response is that he was, in fact, stating that he was not under any duress to plead guilty. The response thus falls well short of calling into question the voluntariness of defendant's plea (*see People v Lopez, supra; People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]). We conclude that County Court conducted an appropriate colloquy and properly accepted

defendant's plea (*see People v Seeber*, 4 AD3d 620, 621-622 [2004]) and, therefore, we affirm.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.