(July 22, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS H. STABB, JR., Appellant. [779 NYS2d 866]—

Lahtinen, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered January 29, 2002, upon a verdict convicting defendant of the crimes of sodomy in the third degree (two counts) and endangering the welfare of a child.

Defendant, who was 21 years old, allegedly befriended the 15-year-old victim and invited him to spend a night at his home on November 9, 2000. During that night, defendant reportedly initiated oral sex and anal sex with the victim. On November 21, 2000, the victim informed his mother of what had occurred and she contacted the police. Later that day, Police Officer Michael McCarthy, after informing defendant of his *Miranda* rights, obtained a signed statement in which defendant acknowledged, among other things, engaging in oral and anal sex with the victim.

Defendant was indicted on three counts of sodomy in the third degree* and one count of endangering the welfare of a child. Following a combined *Huntley/Dunaway/Mapp* hearing, County Court denied defendant's motion to suppress his state-

* Now known as criminal sexual act in the third degree (*see* L 2003 ch 264, § 18; *see also* Penal Law § 130.40).

ment to police and physical evidence that was seized. After the prosecution presented its case at trial, the court dismissed the first count of sodomy charged in the indictment. The jury found defendant guilty of the remaining two counts of sodomy, as well as endangering the welfare of a child. He was sentenced to a total of one year in jail on all counts. Defendant appeals.

Defendant's initial contention that there was a prearrest delay that deprived him of due process is devoid of merit. The alleged conduct occurred on November 9, 2000 and police were first notified on November 21, 2000. Defendant was arrested later that same day. This is not a case of protracted delay over a period of years that might implicate due process (*see People v Singer,* 44 NY2d 241, 254 [1978]). Nor was this a situation of unwarranted delay in arraignment such that the delay could be a factor in assessing whether defendant's confession was voluntary (*see People v Seeber,* 4 AD3d 620, 622 [2004]; *see also People v Ramos,* 99 NY2d 27, 33-34 [2002]). Furthermore, McCarthy was not required, as defendant urges, to immediately arrest him based solely on the victim's statement, as it was proper under the circumstances for McCarthy to speak with defendant (who had been informed of his *Miranda* rights) and obtain his statement before placing him under arrest (*see People v Jansson,* 305 AD2d 942, 944 [2003]).

Defendant's challenge to the sufficiency of the indictment was not preserved since it was not raised in his pretrial motion (*see People v DiRoma,* 251 AD2d 1063 [1998], *lv denied* 92 NY2d 949 [1998]; *People v Morey,* 224 AD2d 730, 731 [1996], *lv denied* 87 NY2d 1022 [1996]). Even if we were to consider the argument, we would find it meritless since each count of the indictment identified the statute under which defendant was being charged and set forth the alleged acts constituting every material element as well as the date of the conduct (*see People v Iannone,* 45 NY2d 589, 598-600 [1978]). Moreover, to the extent that defendant contends that counts one and two were multiplicitous, the dismissal by County Court of the first count renders such argument academic (*see People v Nailor,* 268 AD2d 695, 696 n 1 [2000]; *People v Demetsenare,* 243 AD2d 777, 779-780 [1997], *lv denied* 91 NY2d 833 [1997]).

Next, we turn to the argument that the verdict was not supported by legally sufficient evidence. "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes,* 60 NY2d 620, 621 [1983], quoting *Jackson v*

*Virginia,* 443 US 307, 319 [1979] [emphasis omitted]). Here, each of the elements of the crimes of which defendant was convicted were established by the evidence at trial, including the victim's testimony and defendant's confession to police. Moreover, viewing the evidence in a neutral light and giving due deference to the jury's credibility determinations, we find the verdict was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

The remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.