■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GAUSE, Also Known as FLAME, Appellant. [830 NYS2d 859]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 21, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

Defendant was arrested and interviewed by police in connection with a shooting that seriously wounded one victim and killed another. Although he had been identified by the wounded victim, he was not arraigned until some 13 hours later, after he gave a statement that he had fired the shots in self-defense. Defendant was indicted for murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, reckless endangerment in the first degree and crim-

inal possession of a weapon in the second and third degrees. His motion to suppress his confession was denied, the case proceeded to trial and, near the end of the second day of deliberations, the jury informed County Court that it had reached a unanimous verdict of guilty on the last two counts of the indictment, but was deadlocked as to the other charges. After consulting with counsel, County Court accepted the partial verdict and instructed the jury to continue deliberations. The jury later acquitted defendant of the remaining charges.

Defendant's motion to suppress his statement as involuntary was properly denied because, contrary to his contention, his arraignment was not unnecessarily delayed in violation of CPL 140.20 (1). Even though the surviving victim promptly identified defendant as the shooter, further investigation was necessary because he initially claimed an alibi that could not readily be verified, and police were attempting to locate and interview additional witnesses (*see People v Haywood*, 280 AD2d 282, 282 [2001], *lv denied* 97 NY2d 641 [2001]; *People v White*, 259 AD2d 508, 508 [1999], *lv denied* 93 NY2d 981 [1999]). In any event, the length of the delay is not the determinative factor, particularly where, as here, defendant was duly advised of his rights and admittedly waived them in his initial interview with police, he was then in continuous custody but not continuously interrogated or threatened, and he was not deprived of food, water or rest (*see People v Jackson*, 178 AD2d 851, 852-853 [1991], *lv denied* 79 NY2d 1002 [1992]; *People v Benitez*, 128 AD2d 628, 628 [1987]; *People v Van Buren*, 115 AD2d 185, 185 [1985], *lv denied* 67 NY2d 766 [1986]). In short, there is no evidence of coercion here and, inasmuch as this delay was justified, the testimony of one of the investigating officers that he wanted another interview with defendant before arraignment does not establish unnecessary delay (*see People v Ortlieb*, 84 NY2d 989, 990 [1994]; *People v Prude*, 2 AD3d 1318, 1319 [2003], *lv denied* 3 NY3d 646 [2004]; *People v White, supra* at 508; *see also People v Ramos*, 99 NY2d 27, 37 [2002]). Nor do we find merit in defendant's alternate contention that the 11-hour delay between *Miranda* warnings and his confession was so excessive as to require a repetition of the warnings (*see People v Lee*, 30 AD3d 760, 762 [2006], *lv denied* 7 NY3d 850 [2006]; *People v Manley*, 40 AD2d 907, 907 [1972]; *see also People v Zappulla*, 282 AD2d 696, 697-698 [2001]).

Defendant also contends that County Court abused its discretion in accepting the partial verdict and then directing the jury to continue deliberations. We note, however, that this issue was not preserved for our review by an objection made on the record

(*see People v Hooks*, 305 AD2d 166, 167 [2003], *lv denied* 100 NY2d 562 [2003]). In any event, even if we were to review it, we would conclude that defendant has failed to demonstrate an abuse of the broad discretion conferred by CPL 310.70 (1) (b) (*see People v Wincelowicz*, 258 AD2d 602, 603 [1999], *lv denied* 93 NY2d 930 [1999]). We have considered defendant's remaining contentions, including his claim of ineffective assistance of counsel, and find them also without merit.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.