■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DUNLAP, Appellant. [858 NYS2d 368]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered September 15, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

"Contrary to defendant's contentions, [the Court of Appeals has] never held that a deliberate delay of arraignment for the purpose of obtaining a confession triggers the State constitutional right to counsel" (*People v Ramos,* 99 NY2d 27, 34 [2002]). "Rather, such a delay bears on the voluntariness of the confession, and is a factor to be considered in that regard" (*id.; see People v Osorio,* 49 AD3d 562 [2008]; *see also* CPL 140.20 [1]; *cf. People v Holland,* 48 NY2d 861, 862-863 [1979]). "[E]xcept in cases of involuntariness, a delay in arraignment, even if prompted by a desire for further police questioning, does not warrant suppression" (*People v Ramos,* 99 NY2d at 35).

The defendant failed to establish that any delay in his arraignment affected the voluntariness of his confession (*see People v Gause,* 38 AD3d 999, 1000 [2007]). The evidence adduced at the hearing established that the defendant's statement to police was complete by 6:00 A.M. on the morning after his arrest. The defendant was then fingerprinted and photographed, and transported to the Fifth Precinct at 11:53 A.M. The subsequent delay in his arraignment could not have affected the voluntariness of his statement. Accordingly, the Supreme Court properly denied that branch of his motion which was to suppress the statement at trial.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), including the defendant's own statement to the police and the testimony of his ex-girlfriend that he confessed to her minutes after the murder, arriving at her house wearing a ski mask and gloves and carrying three firearms, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Allah,* 71 NY2d 830, 832 [1988]).

The Supreme Court's charge to the jury concerning the voluntariness of the defendant's statement to the police accurately stated the law, and the court did not improvidently exercise its discretion in declining to give the jury an expanded charge (*see* CPL 300.10 [2]; *People v Van Billiard,* 277 AD2d 958 [2000]). Furthermore, in light of the evidence adduced at trial, it was not necessary for the court to deliver the defendant's proposed jury charge regarding delay in the arraignment (*see People v Ortiz,* 76 NY2d 446, 448 [1990]; *People v Watts,* 57 NY2d 299, 301 [1982]; *People v Morson,* 42 AD3d 505 [2007]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.