THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH R. GLADDING, Appellant. [875 NYS2d 386]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 6, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree, murder in the second degree (two counts), and kidnapping in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and kidnapping in the first degree (§ 135.25 [3]). We reject defendant's contention that the indictment was insufficient because the victim's death was improperly "double counted" as an element of both murder in the first degree and kidnapping in the first degree. "It is of no moment that a factual circumstance other than defendant's intent-in this case, the victim's death-is an element of both the murder and the predicate felony" (*People v Lucas*, 11 NY3d 218, 222 [2008]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant further contends that County Court erred in refusing to suppress his statements to the police made while he was

attempting to locate the victim's body. According to defendant, his arraignment was unreasonably delayed, depriving him of his right to counsel and rendering his statements involuntary. We reject that contention. A delay in an arraignment does not automatically cause the right to counsel to attach but, instead, "such a delay bears on the *voluntariness* of the confession, and is a factor to be considered in that regard" (*People v Ramos*, 99 NY2d 27, 34 [2002]). As this Court has noted, "[a]n undue delay in an arraignment alone does not render a confession involuntary" (*People v Prude*, 2 AD3d 1318, 1319 [2003], *lv denied* 3 NY3d 646 [2004]). Here, we conclude that the record of the suppression hearing supports the court's determination that the statements made by defendant were voluntary.

We reject the further contention of defendant that the court erred in denying his challenge for cause to a prospective juror. Although the prospective juror initially expressed "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), she ultimately stated unequivocally that she could follow the law and be fair and impartial (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v McLaurin*, 27 AD3d 1117, 1118 [2006], *lv denied* 7 NY3d 759 [2006]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.