■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SCOTT, Appellant.—Judgment of the Supreme Court, New York County (John Bradley, J., at pretrial hearings; Thomas Galligan, J., at trial and sentence), rendered on May 10, 1988, which, following a jury trial, convicted defendant of attempted murder in the second degree and sentenced him to a term of incarceration of from 5 to 15 years, is unanimously affirmed.

There is no merit to defendant's contention concerning Detective Robert Bava's statement to the witness after the lineup. This issue was never raised below and is, thus, unpreserved for review. However, even were we to reach defendant's claim on this matter, it is noted that the argument is unpersuasive. The officer in no manner prompted the witness to identify defendant but was merely suggesting that she compare the appearance of the person in the lineup with that of the perpetrator at the time of the assault. Nothing in the record demonstrates that the lineup was tainted or otherwise improperly conducted, and accordingly, defendant's *Wade* motion was appropriately denied.

The use prior to trial of the photograph of defendant wearing eyeglasses, who, thereby, presumably appeared similar to the way he did at the time of the crime, was to confirm an already existing identification previously found by the hearing court determining independent source to be clear and credible, and consequently, the showing of the picture operated, if anything, to assure that no mistake had been made and an innocent man targeted *(see, People v Morales,* 37 NY2d 262, 272). Moreover, the evidence at the hearing clearly established an independent source of the witness's identification and defendant could not, therefore, suffer any prejudice from the viewing of the photograph. The admission of the photograph at trial also did not constitute reversible error. Defendant's appearance had altered since the commission of the crime, and it is not improper to introduce a photograph depicting a suspect's appearance at the time of the incident in question *(People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020).

We have considered defendant's remaining assertions and find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.