THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK GUITEAU, Appellant. [701 NYS2d 230] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction, after retrial, of assault in the first degree (Penal Law § 120.10 [3]), defendant contends that County Court erred in admitting evidence concerning prior domestic assaults against the victim. We conclude that the evidence of those prior assaults was admissible to establish motive, intent and the absence of a mistake or accident (*see, People v Molineux,* 168 NY 264, 293-294; *see also, People v Alvino,* 71 NY2d 233, 241-242). Because defendant contended that the victim's injuries were sustained when he was not present or as the result of a fall, the evidence is probative of the crime charged (*see, People v Ely,* 68 NY2d 520, 529). The court's failure to balance the probative value of each offer of proof against its potential for prejudice does not require reversal. Evidence that defendant admitted or was observed assaulting the victim was admissible because its probative value outweighed its prejudicial effect (*see, People v Flowers,* 245 AD2d 1088, *lv denied* 91 NY2d 972). Although the court erred in admitting evidence that the victim was seen with bruises because that evidence had slight probative value, the error is harmless. The remaining evidence of defendant's guilt is overwhelming, and there is no significant probability that the error contributed to defendant's conviction (*see, People v Schrader,* 251 AD2d 1032, *lv denied* 92 NY2d 882).

The victim has been in a coma since the attack, and defendant has failed to admit responsibility or show remorse. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Mahoney, J.—Assault, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.