THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL A. ARROYO, Appellant. [722 NYS2d 452] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, County Court properly sentenced him as a violent felony offender upon his conviction of burglary in the second degree (Penal Law § 140.25 [2]; *see,* Penal Law § 70.02 [1] [b]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRISCILLA GUPTON, Appellant. [723 NYS2d 303] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a bench trial of two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). Her sole contention on appeal is that Supreme Court erred in admitting prior consistent statements of the infant victim (*see generally, People v McDaniel,* 81 NY2d 10, 16; *People v McClean,* 69 NY2d 426, 428). Although defendant preserved that contention for our review by a timely objection, this was a bench trial, and the Trial Judge is presumed to have considered only competent evidence in reaching the verdict (*see, People v Clinkscales,* 277 AD2d 930; *People v Limpert,* 186 AD2d 1005, *lv denied* 81 NY2d 764; *People v Livingston,* 184 AD2d 529, 530; *People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969). There is no basis in this record to conclude that the court did otherwise (*see, People v Clinkscales, supra; People v Concepcion,* 266 AD2d 227, *lv denied* 94 NY2d 917). (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Endangering Welfare Child.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.