■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVEN JONES, Appellant. [735 NYS2d 276] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that County Court erred in admitting evidence of prior uncharged assaults and threats by defendant against the complainant. We reject that contention. Evidence of prior uncharged crimes and bad acts is admissible "if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule" prohibiting the admission of such evidence, provided that the probative value of the evidence exceeds its potential to prejudice defendant (*People v Alvino,* 71 NY2d 233, 242; *see, People v Cook,* 93 NY2d 840, 841; Prince, Richardson on Evidence § 4-515 [Farrell 11th ed]). Here, defendant was charged with unlawfully entering the complainant's dwelling with intent to commit a crime and causing physical injury to a nonparticipant (*see,* Penal Law § 140.30 [2]), and with intentionally causing the complainant serious physical injury (*see,* Penal Law § 120.05 [1]). It was proper for the People to show such intent circumstantially, by evidence of defendant's prior acts and threats of violence toward the complainant (*see, People v Lee,* 284 AD2d 412; *People v Mehmeti,* 279 AD2d 420, 421, *lv denied* 96 NY2d 832; *People v Guiteau,* 267 AD2d 1094, *lv denied* 94 NY2d 920; *People v Hill,* 163 AD2d 813, *lv denied* 76 NY2d 987). The probative value of the evidence on the issue of defendant's intent outweighed its potential to prejudice defendant (*see, People v Mehmeti, supra,* at 421; *People v Guiteau, supra*).

Even assuming, arguendo, that the court erred in admitting the evidence, we conclude that defendant was not thereby prejudiced. The People presented overwhelming evidence of the assault, and defendant was acquitted of the specific charge, burglary, concerning which the *Molineux* evidence was admitted (*see, People v Young,* 255 AD2d 907, *affd* 94 NY2d 171, *rearg denied* 94 NY2d 876). In any event, this was a bench trial, and we may presume that the Trial Judge properly considered only competent evidence in reaching his verdict (*see, People v Arnold,* 188 AD2d 1020, 1021, *lv denied* 81 NY2d 836; *People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969). (Appeal from Judgment of Monroe County Court, Egan, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.