■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONG KHUU, Appellant. [740 NYS2d 860] —Judgment, Supreme Court, New York County (Christopher Burns, J., at suppression hearing; Michael Obus, J., at nonjury trial and sentence), rendered December 3, 1999, convicting defendant of rape in the first degree (two counts), sodomy in the first degree, burglary in the first degree and robbery in the first degree, and sentencing him, as a second felony offender, to five concurrent terms of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the court's determinations concerning identification. We note that the victim had an extensive opportunity to observe defendant at the time of the crime. Contrary to defendant's argument, the trial evidence establishes that the victim unwaveringly identified defendant at each of the identification procedures, and that any confusion on this point was the result of a mistranslation by the ad hoc interpreter utilized at the initial procedure.

The hearing court properly denied defendant's motion to suppress identification testimony. The initial photo array from which the victim selected defendant's photograph was properly conducted and not suggestive. Subsequent viewings by the victim of defendant's photograph were for the purpose of clarification and confirmation of an existing identification (see, People v Rodriguez, 64 NY2d 738, 740-741; People v Scott, 157 AD2d 593, lv denied 75 NY2d 924). In any event, these displays of defendant's photograph were sufficiently attenuated from

the properly conducted lineup so as not to taint that procedure (*see, People v Greenwood*, 156 AD2d 159, *lv denied* 75 NY2d 868; *People v Smith*, 140 AD2d 647, *lv denied* 72 NY2d 961).

Evidence of defendant's prior burglary conviction, improperly admitted, in our view, on the issue of identity (*see, People v Molineux*, 168 NY 264, 293), could not have caused defendant any prejudice in this nonjury trial, where the court is presumed capable of disregarding the prejudicial aspect of the evidence (*see, People v Moreno*, 70 NY2d 403, 406; *People v Martinez*, 278 AD2d 146, *lv denied* 96 NY2d 831). Moreover, the court made it clear that it was not considering this testimony as evidence of criminal propensity (*see, People v Molloy*, 282 AD2d 311, *lv denied* 96 NY2d 922). Furthermore, at the time defendant waived a jury trial, the trial court was already aware of defendant's prior conviction as a result of the People's *Molineux* application.

A review of the existing record demonstrates that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). There is no reason to believe that any of the tactics that he now suggests should have been employed by his trial counsel would have had any impact. Concur—Nardelli, J.P., Sullivan, Ellerin, Lerner and Rubin, JJ.