(February 16, 2006)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BELLAMY, Also Known as WILL, Appellant. [809 NYS2d 287]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 29, 2003 in Albany County, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts).

In May 2002, a gunfight erupted in the vicinity of Second Street and Quail Street in the City of Albany. Some two dozen shots were reportedly fired from four separate weapons resulting in two victims receiving nonfatal gunshot wounds. The ensuing investigation of the incident eventually led to defendant being indicted in July 2002 on charges of attempted murder in the second degree (two counts), assault in the second degree (two counts), reckless endangerment in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts). Following a jury trial, defendant was convicted of two counts of criminal possession of a weapon in the second degree and two counts of reckless endangerment in the first degree. He was sentenced, as a second felony offender, to a prison term of $3^1/_2$ to 7 years on each of the reckless endangerment counts and 15 years on each of the criminal possession of a weapon counts, all to run concurrently. Defendant appeals.

Initially, we address defendant's contention that the verdict was against the weight of the evidence. Where, as here, an alternative verdict would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Davis*, 21 AD3d 590, 592 [2005]). Although no one testified to seeing defendant possess or fire a gun on the subject night, several witnesses placed him in the immediate vicinity at the relevant time. There was evidence of an ongoing territorial dispute in that section of the city and one witness reported that, shortly before the shooting commenced, defendant told a member of the group that was fired upon to "get that shit out of here." Defendant admitted to police he was at the intersection of Second Street and Quail Street at the time of the shooting, shell casings were found at that location and defendant received a gunshot wound in his foot on the subject night. According to two police detectives who questioned defendant, at one point in the conversation, he blurted, "I don't know who I shot." Defendant testified at trial and denied making that statement to the detectives. He further claimed that he was merely out taking a walk when the gunfight commenced

and that he was the victim of a stray bullet. According deference to the credibility determinations made by the jury (*see People v Torres*, 14 AD3d 801, 803 [2005], *lv denied* 4 NY3d 836 [2005]; *People v Curry*, 294 AD2d 608, 609 [2002], *lv denied* 98 NY2d 674 [2002]) and, after reviewing and weighing the evidence in the record, we are unpersuaded that the jury's verdict should be set aside.

We do, however, find merit in defendant's argument that two evidentiary errors occurred, the combined effect of which require reversal. During the trial, the People were permitted, over objection, to impeach on direct examination the testimony of Reno Conley, a witness whom they had produced. "A party may impeach its own witness only if that witness gives testimony upon a material issue or fact which 'tends *to disprove* the party's position or *affirmatively damages* the party's case' " (*People v Andujar*, 290 AD2d 654, 656 [2002], *lv denied* 98 NY2d 648 [2002], quoting *People v Saez*, 69 NY2d 802, 804 [1987]; *see* CPL 60.35; *People v Fitzpatrick*, 40 NY2d 44, 48-54 [1976]). If the testimony at trial is inconsistent with a prior statement but does not tend to disprove the position of the party who called the witness, subdivision (3) of CPL 60.35 provides that the prior statement is not admissible and efforts to use it to refresh the recollection of the witness must be in a manner that does not disclose its content to the jury (*see People v Reed*, 40 NY2d 204, 207 [1976]; *People v Carrion*, 277 AD2d 480, 481-482 [2000], *lv denied* 96 NY2d 757 [2001]). Although Conley gave a written statement and testified to the grand jury that he saw defendant at the site of the shooting when it occurred, he testified at trial that he first saw defendant a block away and later in the evening. While this testimony undoubtedly disappointed the prosecutor because it did not provide further evidence placing defendant at the scene when the shooting occurred, it did not disprove or affirmatively damage the People's case. When the prosecutor then attempted to use Conley's prior statement and testimony, Supreme Court admonished him to comply with subdivision (3) of CPL 60.35. In response to the prosecutor's effort to refresh Conley's recollection, Conley stated that he did not need his recollection refreshed. The prosecutor persisted in this line of questioning and eventually elicited portions of the content of Conley's prior statement. The manner in which the prosecutor elicited and used this information violated CPL 60.35.

Moreover, the prosecution presented, as rebuttal evidence and over defense counsel's objection, testimony from a police officer that defendant had nicknames of "Two Guns" and "Killer."

The People introduced this evidence in response to defendant's denial during cross-examination that he had a nickname of "Two Guns." "The general rule of evidence in this State concerning the impeachment of witnesses with respect to collateral matters is that the cross-examiner is bound by the answers of the witness to questions concerning collateral matters inquired into solely to affect credibility. It is well established that the party who is cross-examining a witness cannot . . . call other witnesses to contradict a witness' answers concerning collateral matters" (*People v Pavao*, 59 NY2d 282, 288 [1983] [internal quotation marks and citations omitted]). Defendant's nickname was not a material issue in this case (*cf. People v St. Louis*, 20 AD3d 592, 593-594 [2005], *lv denied* 5 NY3d 856 [2005]; *People v Mink*, 267 AD2d 501, 503 [1999], *lv denied* 94 NY2d 950 [2000]) nor was introducing the nickname necessary or relevant in any way to establishing his identity (*cf. People v Rice*, 223 AD2d 405, 406 [1996], *lv denied* 87 NY2d 1024 [1996]). The rebuttal testimony served solely to attack defendant's credibility on a collateral issue and the content of the rebuttal testimony had an obvious potential for a prejudicial effect on the jury.

We conclude that these evidentiary errors cannot be characterized as harmless in light of the circumstantial nature of much of the proof and the conflicting testimony on key issues (*see People v Stewart*, 20 AD3d 769, 770-771 [2005]; *People v Spencer*, 1 AD3d 709, 711 [2003]; *cf. People v Santiago*, 255 AD2d 63, 66 [1999], *lv denied* 94 NY2d 829 [1999]). The remaining issues are academic or without merit.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.