■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WISE, Appellant. [847 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Livingston County (Raymond E. Cornelius, J.), rendered September 12, 2006. The judgment convicted defendant, after a nonjury trial, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [1]). We reject defendant's contention that Supreme Court erred in admitting in evidence the out-of-court statements of the victim, defendant's former girlfriend, indicating that she had broken up with defendant and feared for her safety because of his jealous tendencies. Evidence of the victim's state of mind is highly probative of, inter alia, defendant's motive, as long as "it can be shown that defendant was aware of same" (*People v Wlasiuk*, 32 AD3d 674, 679 [2006], *lv dismissed* 7 NY3d 871 [2006]; *see also People v Casper*, 42 AD3d 887, 889 [2007]), and here, the People established that defendant was aware of the victim's state of mind (*cf. Wlasiuk*, 32 AD3d at 679-680).

We also reject the contention of defendant that the court erred

in permitting his former girlfriends to testify with respect to his alleged prior bad acts, including attempted asphyxiation and forcible sexual intercourse. The testimony of the former girlfriends was probative of defendant's identity, motive and intent and was therefore properly admitted in evidence (*generally People v Molineux*, 168 NY 264, 293-294 [1901]). In any event, any error with respect to the admission of that testimony is harmless because, in a nonjury trial, the court is presumed to be capable of disregarding any improper or unduly prejudicial aspect of the evidence (*see People v Tong Khuu*, 293 AD2d 424, 425 [2002], *lv denied* 98 NY2d 714 [2002]; *People v Jones*, 289 AD2d 1010 [2001], *lv denied* 97 NY2d 756 [2002]).

Contrary to the contention of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The record establishes that defense counsel addressed all pretrial matters in a proper manner and presented a cogent defense that the victim died of natural causes. The victim was found deceased in her home and, although the medical examiner testified that the victim died of asphyxia, defense counsel presented countervailing expert testimony indicating that the victim had actually died of severe coronary artery disease caused by a lifetime of heavy smoking and obesity, that she had a family history significant for heart disease, and that none of her injuries caused her death. Viewing the evidence, the law, and the circumstances of the case as a whole and as of the time of the representation, we conclude that defendant was afforded meaningful representation (*see generally People v Schulz*, 4 NY3d 521, 530 [2005]; *Baldi*, 54 NY2d at 147).

Contrary to the further contention of defendant, the evidence is legally sufficient to establish the element of intent to cause serious physical injury to the victim (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). That intent " 'may be inferred from [defendant's] conduct, the surrounding circumstances, and the medical evidence' " (*People v Flecha*, 43 AD3d 1385, 1386 [2007]). Here, the medical evidence indicated that defendant and the victim engaged in a struggle prior to her death that resulted in blunt force injuries to parts of her body and injuries to her eyes and mouth. The victim also suffered injuries indicating that pressure had been applied to her mouth that led to her asphyxia. Additionally, we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495), particularly in view of the statement of defendant that he drove the victim to work on the same day that her decomposing body was found, and the ad-

ditional extensive circumstantial evidence presented by the People. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.