■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BARRETO, Appellant. [882 NYS2d 594]—

Lahtinen, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered April 8, 2008, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant resided in an apartment in Greene County with his girlfriend and her two young children. He was the biological father of the youngest child (born in 2004), but not of the victim (born in 2003). On May 29, 2006, defendant was alone with the children while his girlfriend was at work. Shortly after 4:30 P.M., he placed a 911 call reporting that the victim had suffered a seizure and drowned while taking a bath. When emergency personnel arrived, they found that the victim was not breathing and efforts to revive her—including CPR and inserting a tracheal tube—were unsuccessful. She was clinically dead upon arrival at the emergency room. The cause of death was listed as traumatic cervical dislocation and cardiopulmonary arrest.

During the ensuing hours, defendant gave three statements to police. In his initial statement, he related that the victim had had a seizure in the bathtub and was swallowing water when he pulled her out and started CPR. After later being informed by police that the victim did not have any water in her lungs and that she had numerous bruises on her body and head, defendant acknowledged in two subsequent statements that he had become angry with the victim, yelled at her and shook her "back and forth really hard." He stated that, while shaking the victim, her head hit the side of the bathtub with an impact that he characterized as "really hard." He reported that he then started to pick up the victim, but lost his balance and dropped her into the bathtub, with her head again hitting the bathtub in the fall.

He was indicted on two counts of murder in the second degree and two counts of manslaughter in the first degree. Pretrial procedures included, as relevant on this appeal, a *Molineux* hearing, after which County Court rendered a detailed written decision permitting the People to introduce, for the purpose of showing the absence of an accident, evidence of two prior suspicious "accidental" injuries suffered by the victim while in defendant's care, a wrist fracture in late January 2006, and bruising and a retinal hemorrhage occurring shortly before her demise. The court otherwise denied admission of further evidence regarding prior incidents that the People sought to introduce under *Molineux*. A lengthy jury trial ensued that included conflicting opinions from experts, as well as proof from

many other witnesses. Defendant elected to testify and claimed that the victim hit her head when they both fell as he was in the process of removing her from the bathtub. He further contended that his contrary statements to police had been coerced and inaccurately transcribed. At the charge conference, the parties agreed to submit to the jury one count of depraved indifference murder and, as a lesser included offense of one of the withdrawn charges, the crime of manslaughter in the second degree (*see* Penal Law § 125.15 [1]). The jury acquitted defendant of murder, but found him guilty of manslaughter. He was sentenced to a prison term of 5 to 15 years and now appeals.

Defendant initially argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. "Evidence is legally sufficient if, when viewed in a light most favorable to the People, there exists any valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the fact finder" (*People v Logan*, 19 AD3d 939, 942 [2005], *lv denied* 5 NY3d 830 [2005] [internal quotations marks, brackets and citations omitted]; *see People v Plaisted*, 2 AD3d 906, 907 [2003], *lv denied* 2 NY3d 744 [2004]). The thrust of defendant's argument is that the People failed to establish that the medical cause of the victim's death was a cranial cervical dislocation resulting in cardiopulmonary arrest. The People produced at trial the pathologist who performed the autopsy and he opined that the victim died from such cause. To be sure, defendant's expert in pathology was well qualified, and he criticized the findings and methods of the People's pathologist. Nevertheless, we are unpersuaded that the criticism was so compelling as to render the opinion of the People's pathologist unworthy of belief by a rational juror. This evidence, together with the voluminous other proof—including defendant's purported admission of repeatedly shaking the child hard and the child thereby striking her head on the bathtub—provide legally sufficient evidence of each element of reckless manslaughter.

Where, as here, a different verdict would not have been unreasonable, we weigh the probative force of conflicting testimony and the strength of conflicting inferences in determining whether the verdict is against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Differing versions of events were supplied by the fact witnesses and the jury heard experts who disagreed on key issues. We accord deference to the jury's resolution of such credibility issues given its opportunity to see the witnesses and observe their demeanor (*see People v Bleakley*, 69

NY2d at 495; *People v Portee*, 56 AD3d 947, 949 [2008], *lv denied* 12 NY2d 820 [2009]; *People v Bolarinwa*, 258 AD2d 827, 831 [1999], *lv denied* 93 NY2d 1014 [1999]). Having reviewed and weighed the evidence in the record, we are unpersuaded that the jury's verdict was against the weight of the evidence.

Defendant next argues that he was deprived of a fair trial by County Court's jury charge regarding reckless manslaughter. County Court's charge, which essentially mirrored the Criminal Jury Instructions charge (*see* CJI2d[NY] Penal Law § 125.15 [1]), set forth, in pertinent part, the two elements of reckless manslaughter as follows: "One, that on or about May 29th 2006, in the County of Greene, the defendant, Joshua Barreto, caused the death of [the victim] by causing her to strike her head on a hard surface; and two, that the defendant did so recklessly." Defendant contends that, as to the first element, the court should have expanded the charge to tell the jury that the People had to prove, as alleged in the bill of particulars, that the victim's head struck the bathtub and that the medical cause of death was a cranial cervical dislocation. We are unpersuaded. "[T]he court's charge correctly recited the statutory elements of the crime and stated the fundamental legal principles applicable both generally and to this particular case and count. Any shortcoming in the charge did not deny defendant a fair trial" (*People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007] [citations omitted]; *see People v Medina*, 233 AD2d 927, 927 [1996], *lv denied* 89 NY2d 926 [1996]; *cf. People v Grega*, 72 NY2d 489, 497 [1988] ["The method employed to bring about death is not an 'element' of manslaughter"]).

County Court did not, as asserted by defendant, commit reversible error in its *Molineux* ruling. " 'Evidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity . . . Where there is a proper nonpropensity purpose, the decision whether to admit [such] evidence . . . rests upon the trial court's discretionary balancing of probative value and unfair prejudice' " (*People v Leeson*, 12 NY3d 823, 826-827 [2009], quoting *People v Dorm*, 12 NY3d 16, 19 [2009]). Following a hearing, County Court found clear and convincing evidence that the victim was in defendant's care at the time of the earlier "accidental" injuries and then engaged in the proper weighing analysis, concluding that evidence of only some of the proffered acts would be admitted. The absence of an accident, which is a recognized *Molineux* exception (*see People v Henson*, 33 NY2d 63, 71-73 [1973]), was a key issue in this case, and County Court's ruling fell well within its discretion.

At trial, defendant raised an issue as to whether his statements to police were voluntary, and he contends that County Court did not properly instruct the jury regarding that issue. We do not agree. The court's charge included the "expanded charge" on the issue of voluntariness (*see* CJI2d[NY] Confession), correctly articulated the pertinent law, and clearly afforded the jury ample instructions regarding defendant's challenge to the voluntariness of his statements (*cf. People v Dunlap*, 51 AD3d 943, 944 [2008], *lv denied* 10 NY3d 958 [2008]). The remaining arguments have been considered and found to lack merit.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.