# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

755

KA 10-01173

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

RAFIQ SALIM, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

RAFIQ SALIM, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 15, 2010. The judgment convicted defendant, upon a nonjury verdict, of harassment in the second degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the third degree (Penal Law § 120.00 [1]) and harassment in the second degree (§ 240.26 [1]). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). We further conclude, however, that Supreme Court abused its discretion in admitting rebuttal evidence concerning defendant's relationship with a woman other than his wife, requiring reversal of the judgment and a new trial. "The general rule of evidence in this State concerning the impeachment of witnesses with respect to collateral matters is 'that the cross-examiner is bound by the answers of the witness to questions concerning collateral matters inquired into solely to affect credibility' " (*People v Pavao*, 59 NY2d 282, 288; *see People v Bellamy*, 26 AD3d 638, 641). Defendant's extramarital relationship "was not a material issue in this case . . . [, and t]he rebuttal testimony served solely to attack defendant's credibility on a collateral issue" (*Bellamy*, 26 AD3d at 641).

   In view of our decision to reverse, we need not address
defendant's remaining contentions, including those raised in his pro
se supplemental brief.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court