*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    105064
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

BRION L. PETERS,
                    Appellant.
_____

Calendar Date:   January 13, 2015

Before:   Peters, P.J., Rose, Egan Jr. and Clark, JJ.

_____

        Mitch Kessler, Cohoes, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 9, 2012, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and unlawful manufacture of methamphetamine in the third degree.

        In the early morning hours of May 8, 2011, defendant and Gary Varlan were manufacturing crystal methamphetamine in a remote cabin in Chemung County.  In so doing, they placed three plastic pitchers containing lantern fuel on a lit wood-burning stove.  The fuel ignited, causing a fire that burned the cabin to the ground.  While all four of the cabin's occupants exited the building, the victim later died in the hospital as a result of severe burns covering the majority of her body.  Defendant was

thereafter charged with manslaughter in the second degree and unlawful manufacture of methamphetamine in the third degree and, following a jury trial, was convicted of both charges. He appeals, challenging the legal sufficiency and weight of the evidence supporting his conviction of manslaughter in the second degree.

Defendant specifically asserts that the People failed to establish that he caused the victim's death, as the evidence did not exclude the possibility that the fire resulted from a third party opening the wood stove door. Defendant further argues that the evidence is legally insufficient to prove that his actions were reckless, as he was assured by Varlan that placing a pitcher of fuel on the wood stove was safe. In conducting a legal sufficiency review, "we view the evidence in the light most favorable to the People and will not disturb the verdict so long as the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (People v Peryea, 68 AD3d 1144, 1146 [2009], lv denied 14 NY3d 804 [2010] [citations omitted]; see People v Bleakley, 69 NY2d 490, 495 [1987]; People v Barreto, 64 AD3d 1046, 1048 [2009], lv denied 13 NY3d 834 [2009]). "A person is guilty of manslaughter in the second degree when [he or she] recklessly causes the death of another person" (Penal Law § 125.15 [1]; see People v Heslop, 48 AD3d 190, 195 [2007], lv denied 10 NY3d 935 [2008]). Recklessness in this context requires that a person be "aware of and consciously disregard[] a substantial and unjustifiable risk" of death (Penal Law § 15.05 [3]; see People v Hartman, 4 AD3d 22, 24 [2004]).

The trial evidence established that defendant, Varlan, Brian Yontz and the victim were at Varlan's cabin and had used methamphetamine. In the hours before the fire erupted, defendant and Varlan proceeded to the basement to make a batch of crystal methamphetamine. Varlan then brought two plastic pitchers of lantern fuel upstairs to the living room and placed them on top of a grate on the surface of the wood stove. When defendant ascended to the living room, he placed a third plastic pitcher of lantern fuel on the wood stove, on top of three rings, which he believed were made of metal. According to Yontz, who was seated in the living room reading, defendant then became absorbed in

looking for something and panicked when he realized that he had "left the pitcher [on the stove for] too long," melting the bottom of the pitcher so that when defendant attempted to lift it, fuel ran down the side of the stove and caught fire. Defendant countered Yontz's description by testifying that, after placing the plastic pitcher on the wood stove, he briefly exited the cabin and, when he returned, a blaze had ignited around the wood stove. Varlan and the victim were in a back room and, although Varlan managed to escape nearly unharmed, the victim was the last to exit the cabin and, when she did so, she was enveloped in flames.

Although defendant now contends that the fire may have been ignited by Yontz opening the wood stove door and exposing the fuel to an open flame, Yontz, Varlan and defendant himself all testified that the wood stove door was not opened following the placement of the plastic pitchers on the stove's surface. Furthermore, an arson investigator with the State Office of Fire Prevention and Control testified that lantern fuel can ignite without an open flame and that, following the fire, the wood stove was found with the residue of melted plastic on its surface. Additionally, a hazardous materials specialist with the same state office testified that a wood stove could heat a plastic pitcher to melting temperature.

Turning to the mens rea element of manslaughter in the second degree, defendant contends that, based on assurances from Varlan, he believed his placement of the plastic pitcher of fuel on the active wood stove was safe, and that he therefore was not aware of and did not consciously disregard an unjustifiable risk of death. However, defendant conceded that he knew that lantern fuel was highly flammable, that he had previously caused a fire while manufacturing methamphetamine using ether, that the plastic pitchers would "obviously melt" if placed on a hotplate and that he was aware of other "meth fire[s and] meth lab explosions." Upon our review of the evidence, we find that it was legally sufficient to support defendant's conviction of manslaughter in the second degree (see People v Lewie, 17 NY3d 348, 358 [2011]; People v DaCosta, 6 NY3d 181, 182 [2006]; People v Reichel, 110 AD3d 1356, 1364 [2013], lv denied 22 NY3d 1090 [2014]). Further, since a different verdict would not have been unreasonable, upon

considering the evidence in a neutral light and according deference to the jury's credibility determinations, we conclude that the verdict on the manslaughter count is not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Peterson, 118 AD3d 1151, 1153 [2014], lvs denied 24 NY3d 1087 [2014]; People v Barreto, 64 AD3d at 1048-1049).

Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court