# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202**

**KA 14-00920**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                         MEMORANDUM AND ORDER

LUIS A. PABON, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 24, 2014. The judgment convicted defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that Supreme Court erred in refusing to dismiss the indictment as time-barred. We reject that contention. Contrary to defendant's contention, the court properly applied CPL 30.10 (3) (f), which, as relevant here, tolls the statute of limitations for sexual offenses committed against a minor until the age of 18 (*see People v Quinto*, 18 NY3d 409, 413).

Contrary to the further contention of defendant, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). " 'In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (*People v McCoy*, 100 AD3d 1422, 1422), and we see no reason to disturb the court's credibility determinations.

We agree with defendant that the court erred in permitting a detective to testify that defendant lied to the detective during his interview (*see People v Kozlowski*, 11 NY3d 223, 240, *rearg denied* 11

NY3d 904, *cert denied* 556 US 1282; *People v Jennings*, 33 AD3d 378, 379, *lv denied* 7 NY3d 926). We conclude, however, that "any error with respect to the admission of that testimony is harmless because, in a nonjury trial, the court is presumed to be capable of disregarding any improper or unduly prejudicial aspect of the evidence" (*People v Wise*, 46 AD3d 1397, 1399, *lv denied* 10 NY3d 872; *see People v Lomaglio*, 124 AD3d 1414, 1416; *People v Wegman*, 2 AD3d 1333, 1334-1335, *lv denied* 2 NY3d 747). Indeed, the court made it clear that it was not accepting the detective's opinion as to defendant's veracity (*see generally People v Tong Khuu*, 293 AD2d 424, 425, *lv denied* 98 NY2d 714).

We reject the further contention of defendant that the court erred in precluding him from introducing into evidence a voicemail message he allegedly received from the victim's mother in 1999. It is well established that a party "cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness' answers concerning collateral matters solely for the purpose of impeaching that witness' credibility" (*People v Pavao*, 59 NY2d 282, 288-289; *see People v Alvino*, 71 NY2d 233, 247-248). Here, defendant sought to introduce the message for the purpose of impeaching the victim's testimony that her mother moved to Puerto Rico to get away from defendant, who allegedly was abusing her. Contrary to defendant's contention, the mother's reasons for moving to Puerto Rico and the state of her relationship with defendant were not material issues in this case and, therefore, defendant was not entitled to introduce evidence to impeach the victim's credibility on that collateral issue (*see People v Salim*, 96 AD3d 1484, 1485, *lv denied* 19 NY3d 1028; *People v Clarkson*, 78 AD3d 1573, 1574, *lv denied* 16 NY3d 829). We likewise reject defendant's contention that the court erred in denying his request for a missing witness charge with respect to the victim's mother. It is undisputed that the victim's mother was in Puerto Rico at the time of the crime at issue and that she did not learn of the sexual abuse until shortly before the abuse was reported to the authorities. Thus, her testimony was not " 'material to the trial,' " as required for a missing witness instruction (*People v Hall*, 18 NY3d 122, 131).

There is no merit to defendant's contention that the court's refusal to "sequester" certain "evidence," i.e., the court's cellphone, computer and a document that the court was allegedly viewing during the trial, deprived him of appellate review of his motion for a mistrial based upon the court's alleged misconduct (*see generally People v Moreno*, 70 NY2d 403, 405-406).

Finally, we conclude that, contrary to defendant's contention, any prosecutorial misconduct on summation did not deprive defendant of a fair trial in the context of this nonjury trial (*see People v Pruchnicki*, 74 AD3d 1820, 1822, *lv denied* 15 NY3d 855; *see also People v Gupton*, 281 AD2d 963, 963, *lv denied* 96 NY2d 863).

All concur except DeJoseph, J., who dissents and votes to reverse in the following memorandum: I respectfully dissent because I cannot agree with the majority's conclusion that the indictment was not time-

barred.

During the time period relevant herein, CPL 30.10 (3) (e) provided that "[a] prosecution for course of sexual conduct in the first degree as defined in [Penal Law § 130.75] . . . may be commenced within five years of the commission of the most recent act of sexual conduct."  CPL 30.10 (3) (f), on the other hand, provided that, "[f]or purposes of a prosecution involving a sexual offense as defined in [Penal Law article 130] committed against a child less than eighteen years of age, . . . the period of limitation shall not begin to run until the child has reached the age of eighteen or the offense is reported to a law enforcement agency or statewide central register of child abuse and maltreatment, whichever occurs earlier."  The majority appears to conclude that subdivision (e) established the applicable statute of limitations for the offense of course of sexual conduct against a child in the first degree (Penal Law § 130.75), while subdivision (f) tolled the statute of limitations for all sex offenses as defined in article 130 committed against minors and, because course of sexual conduct is an article 130 offense, the subdivision (f) tolling provision must apply.  I disagree.

In my view, the majority's interpretation of these two subdivisions fails to apply any true meaning to subdivision (e) and I therefore must agree with the defendant that, if CPL 30.10 (3) (f) were applicable to all article 130 offenses, CPL 30.10 (3) (e) would be rendered "superfluous and ineffective."  I find no basis to interpret these statutes any differently, inasmuch as it is well recognized that general provisions of the CPL (i.e., subdivision [f]) should not override specific provisions of the CPL (i.e., subdivision [e]) (*see e.g. People v Jackson*, 87 NY2d 782, 790).

Furthermore, the majority's reliance on *People v Quinto* (18 NY3d 409) is misplaced.  *Quinto* simply addresses the "triggering" event contemplated by subdivision (f) and does not discuss the interplay of the two subdivisions at issue here (*see id*. at 412).  Subdivisions (e) and (f) were enacted as part of the same legislative package in 1996 (L 1996, ch 122, § 1).  Subdivision (e) remained the same until 2006 when reference to, inter alia, "course of sexual conduct in the first degree" was removed from subdivision (e) and CPL 30.10 (2) (a) was amended to read that a prosecution for "course of sexual conduct against a child in the first degree as defined in [Penal Law § 130.75] may be commenced at any time" (L 2006, ch 3, § 2).  In my view, if the Legislature intended the tolling provision of subdivision (f) to apply to course of sexual conduct against a child in the first degree (Penal Law § 130.75), it would not have simultaneously enacted subdivision (e), with its specific requirement of a five-year limitation period.

In view of the foregoing, I would reverse the judgment and dismiss the indictment as time barred.

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court