Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 24, 2014. The judgment convicted defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree.
It is hereby ordered that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), defendant contends that Supreme Court erred in refusing to dismiss the *1448 indictment as time-barred. We reject that contention. Contrary to defendant’s contention, the court properly applied CPL 30.10 (3) (f), which, as relevant here, tolls the statute of limitations for sexual offenses committed against a minor until the age of 18 (see People v Quinto, 18 NY3d 409, 413 [2012]).
Contrary to the further contention of defendant, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “ ‘In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference’ ” (People v McCoy, 100 AD3d 1422, 1422 [2012]), and we see no reason to disturb the court’s credibility determinations.
We agree with defendant that the court erred in permitting a detective to testify that defendant lied to the detective during his interview (see People v Kozlowski, 11 NY3d 223, 240 [2008], rearg denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]; People v Jennings, 33 AD3d 378, 379 [2006], lv denied 7 NY3d 926 [2006]). We conclude, however, that “any error with respect to the admission of that testimony is harmless because, in a nonjury trial, the court is presumed to be capable of disregarding any improper or unduly prejudicial aspect of the evidence” (People v Wise, 46 AD3d 1397, 1399 [2007], lv denied 10 NY3d 872 [2008]; see People v LoMaglio, 124 AD3d 1414, 1416 [2015]; People v Wegman, 2 AD3d 1333, 1334-1335 [2003], lv denied 2 NY3d 747 [2004]). Indeed, the court made it clear that it was not accepting the detective’s opinion as to defendant’s veracity (see generally People v Tong Khuu, 293 AD2d 424, 425 [2002], lv denied 98 NY2d 714 [2002]).
We reject the further contention of defendant that the court erred in precluding him from introducing into evidence a voicemail message he allegedly received from the victim’s mother in 1999. It is well established that a party “cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness’ answers concerning collateral matters solely for the purpose of impeaching that witness’ credibility” (People v Pavao, 59 NY2d 282, 288-289 [1983]; see People v Alvino, 71 NY2d 233, 247-248 [1987]). Here, defendant sought to introduce the message for the purpose of impeaching the victim’s testimony that her mother moved to Puerto Rico to get away from defendant, who allegedly was abusing her. Contrary to defendant’s contention, the mother’s *1449 reasons for moving to Puerto Rico and the state of her relationship with defendant were not material issues in this case and, therefore, defendant was not entitled to introduce evidence to impeach the victim’s credibility on that collateral issue (see People v Salim, 96 AD3d 1484, 1485 [2012], lv denied 19 NY3d 1028 [2012]; People v Clarkson, 78 AD3d 1573, 1574 [2010], lv denied 16 NY3d 829 [2011]). We likewise reject defendant’s contention that the court erred in denying his request for a missing witness charge with respect to the victim’s mother. It is undisputed that the victim’s mother was in Puerto Rico at the time of the crime at issue and that she did not learn of the sexual abuse until shortly before the abuse was reported to the authorities. Thus, her testimony was not “ 'material to the trial,’ ” as required for a missing witness instruction (People v Hall, 18 NY3d 122, 131 [2011]).
There is no merit to defendant’s contention that the court’s refusal to “sequester” certain “evidence,” i.e., the court’s cell phone, computer and a document that the court was allegedly viewing during the trial, deprived him of appellate review of his motion for a mistrial based upon the court’s alleged misconduct (see generally People v Moreno, 70 NY2d 403, 405-406 [1987]).
Finally, we conclude that, contrary to defendant’s contention, any prosecutorial misconduct on summation did not deprive defendant of a fair trial in the context of this nonjury trial (see People v Pruchnicki, 74 AD3d 1820, 1822 [2010], lv denied 15 NY3d 855 [2010]; see also People v Gupton, 281 AD2d 963, 963 [2001], lv denied 96 NY2d 863 [2001]).
All concur except DeJoseph, J., who dissents and votes to reverse in the following memorandum.